**James O. SUBLETT, Defendant–Appellant,**

v.

**STATE of Indiana, Plaintiff–Appellee.**

No. 2–580A141.

Court of Appeals of Indiana, First District.

Oct. 30, 1980.

Richard Kammen, McClure, McClure & Kammen, Indianapolis, for defendant–appellant.

Theodore L. Sendak, Atty. Gen., Frank A. Baldwin, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

NEAL, Judge.

### STATEMENT OF THE CASE

Defendant Sublett appeals from his conviction in the Marion County Superior Court, Criminal Division 4 of criminal recklessness, a Class D felony.

We affirm.

### STATEMENT OF THE FACTS

We summarize the facts most favorable to the trial court's judgment: On the night of December 26, 1978, Forrest Toliber, Brenda Duerson, and another companion drove in Toliber's automobile to the residence of Michael Gorman. Brenda Duerson stepped out of Toliber's car and entered Gorman's house. Shortly thereafter Sublett arrived in his truck accompanied by Wallace Stone. Sublett then entered Gorman's house alone. Toliber, believing that Sublett had beaten Duerson a few days earlier, followed Sublett into Gorman's house. Sublett and Toliber argued, then Toliber and Duerson left Gorman's house and got into Toliber's car. At this time, Toliber heard gunfire coming from the direction where Sublett had last been. Toli-

ber was struck by bullets in the arm and shoulder. Both Wallace Stone and Sublett testified that Sublett had fired the gun at Toliber. Following the shooting incident, Sublett drove to Florida, aware that an arrest warrant had been issued for him. Approximately one month later, Sublett returned from Florida to Indianapolis where he surrendered to police. On March 3, 1979, Sublett was charged by information with attempted murder. Ind.Code 35–41–5–1 (Supp.1977), Ind.Code 35–42–1–1 (Supp. 1977).

### ISSUES

Sublett assigned four errors on appeal: I. Whether the trial court erred in giving court's instruction No. 22; II. Whether the trial court erred in refusing to give defendant's instruction No. 4; III. Whether the trial court erred in refusing to give defendant's instruction No. 3; and IV. Whether the trial court erred by imposing a manifestly unreasonable sentence.

### DISCUSSION AND DECISION

*Issue I. Court's Instruction No. 22*

 The instruction reads:

"The flight of a person immediately after the commission of a crime, though not proof of guilt, is evidence of consciousness of guilt and thus, guilt itself, and is a circumstances which may be considered by you in connection with all the other evidence to aid you in determining the question of guilt or innocence."

Sublett asserts the trial court erred in giving final instruction No. 22.[1] Ind.Rules of Procedure, Trial Rule 51(C) reads, in relevant part:

"No party may claim as error the giving of an instruction unless he objects thereto before the jury retires to consider its verdict, *stating distinctly the matter to which he objects and the grounds of his objection.*" (Emphasis added.)

At trial, Sublett did not distinctly state the matter and grounds of his objection, thereby waiving his right to do so now.

*Issue II. Defendant's Instruction No. 4*

 Defendant's instruction No. 4 stated:

"During the trial several persons who admitted being friends with the Defendant have testified in this cause. The Court instructs you that mere friendship with a party, standin [sic] alone, is not sufficient to give you cause to disregard a witness' testimony. Rather, the Court instructs you that you should consider the witness' demeanor, his way of knowing about that which he testifies, and such other facts and circumstances as you deem appropriate in determining his credibility."

Sublett contends defendant's instruction No. 4 was improperly refused by the trial court, citing *Davis v. State*, (1976) 265 Ind. 476, 355 N.E.2d 836. In *Davis*, the Indiana Supreme Court established a three–factor test for determining whether a trial court has erred in refusing an instruction: 1) does the instruction correctly state the law; 2) does the evidence in the record support giving the instruction; and 3) is the substance of the instruction adequately covered by other instructions given by the court.

In its instruction No. 7, the court advised the jury to believe a witness if reasonably possible, and not to disbelieve a witness without just cause. Instruction No. 7 adequately covered the substance of Sublett's instruction No. 4.

Further, instructions on the credibility of witnesses should be general in nature and apply equally to all witnesses. *Murphy v. State*, (1977) 267 Ind. 184, 369 N.E.2d 411; *Schwartz v. State*, (1978) Ind.App., 379 N.E.2d 480. Sublett's instruction No. 4 improperly identified and singled out a class of witnesses, i.e. the friends of the defendant.

---

1. In his brief, Sublett erroneously refers to the court's final instruction No. 21, an instruction on criminal recklessness. His argument, however, addresses the instruction on flight.

For the above reasons, we conclude the court did not err in refusing the defendant's instruction. *Ringley v. State*, (1979) Ind. App., 395 N.E.2d 339.

*Issue III. Defendant's Instruction No. 3*

 Sublett next argues that defendant's instruction on reasonable doubt should have been given to the jury. In part, it reads:

"Rather, it [Defendant's evidence] need only raise a reasonable doubt in your mind as to his guilt to be sufficient to warrant acquittal."

First, this instruction misstates the law. The jury is required to find proof of guilt beyond a reasonable doubt after considering all the evidence and circumstances in this case. A defendant need not "raise a reasonable doubt"; rather, the State must prove the defendant's guilt beyond a reasonable doubt. Second, the trial court's instructions Nos. 12, 14, 16, 17, 20, and 21 carefully covered the reasonable doubt standard, in principle and as applied to each element of the crime.

The trial court did not err in refusing defendant's instruction.

*Issue IV. Unreasonable Sentence*

 Sublett argues the court, in setting sentence, improperly considered prior charges which had resulted in acquittals. Our review of the record discloses that the court did not set forth a statement of its reasons for imposing an additional two years on defendant's sentence as is required by Ind.Code 35–4.1–4–3 (Supp.1978). The Indiana Supreme Court, in *Page v. State*, Ind., 410 N.E.2d 1304 (1980), addressed this issue and stated, "The purpose of such statute [Ind.Code 35–4.1–4–3] is to confine the judge to proper grounds for either increasing or decreasing the presumptive or basic sentence provided for the offense and to enable this Court to determine the reasonableness of the sentence imposed, under the circumstances."

The sentencing record does not contain a statement of reasons for finding aggravating circumstances. This cause is therefore remanded with instructions that the trial court either enter its findings in support of the increased sentence, or reduce the defendant's sentence to the basic term of two years.

In all other respects the judgment of the trial court is affirmed.

Affirmed.

ROBERTSON, P. J., and RATLIFF, J., concur.