Timothy JAYNES, Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 1–481A152.

Court of Appeals of Indiana,
First District.

May 6, 1982.

---

3. *See* 3 Harvey, *Indiana Practice: Rules of Procedure Annotated*, 214.

Susan K. Carpenter, Public Defender, M. E. Tuke, Deputy Public Defender, Indianapolis, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

RATLIFF, Presiding Judge.

## STATEMENT OF THE CASE

Timothy Jaynes appeals from a judgment revoking his probation and ordering him to serve the remainder of his sentence. We remand for a statement of the trial court's reasons for revocation of probation.

## FACTS

Pursuant to a plea agreement, Jaynes pleaded guilty to the charge of attempted theft and on August 27, 1979, was sentenced to the Indiana Department of Correction for a term of forty (40) months. On December 12, 1979, pursuant to Ind.Code 35–4.1–4–18, the court modified Jaynes's sentence by suspending further execution thereof and placing him on "shock probation" for a period of one (1) year. On November 6, 1980, a petition for revocation of probation was filed which was heard on December 10, 1980. Following such hearing the court revoked probation and reinstituted the original sentence. The court's order of revocation contains neither findings of fact nor a statement of reasons for the revocation.

## ISSUES

Jaynes raises the following issues for our review which we have renumbered and restated:

1. Whether the trial court erred in failing to state its reasons for revoking Jaynes's probation?

2. Whether there was sufficient evidence presented at the revocation hearing to sustain the court's revocation of probation?

## DISCUSSION AND DECISION

Our statute governing revocation of probation proceedings, Ind.Code 35–7–2–2, does not contain any requirement of a statement of the court's reasons for revocation. However, we believe decisions of the United States Supreme Court mandate the giving of reasons for revocation. *See Morrissey v. Brewer*, (1972) 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484; *Gagnon v. Scarpelli*, (1973) 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656.

In *Morrissey*, the Supreme Court prescribed the minimum requirements of due process in parole revocation proceedings, among which is "a written statement by the factfinders as to the evidence relied on and reasons for revoking parole." 408 U.S. at 489, 92 S.Ct. at 2604, 33 L.Ed.2d at 499. In *Gagnon*, the Supreme Court held that the due process requirements of *Morrissey* applied with equal force to revocation of probation proceedings. Although the question of a written statement of reasons for revo-

cation of probation was not involved in *Gagnon*, nevertheless the application of all of the *Morrissey* due process requirements to probation revocation proceedings is clear. Our supreme court has recognized the controlling effect of *Gagnon* in state parole revocation matters in *Russell v. Douthitt*, (1973) 261 Ind. 428, 304 N.E.2d 793.[1] Courts in other jurisdictions have held that a trial court in revoking probation must make a written statement of the evidence relied upon and the reasons for revoking probation. *E.g., United States v. Sanchez*, (5th Cir. 1981) 650 F.2d 745; *Taylor v. State*, (1981) Ala.Cr.App., 405 So.2d 55; *People v. Baker*, (1974) 38 Cal.App.3d 625, 113 Cal. Rptr. 244; *Louk v. Haynes*, (1976) W.Va., 223 S.E.2d 780. It has also been held that the revocation order must state the specific conditions of probation which were violated: *Dunlap v. State*, (1981) Fla.App., 405 So.2d 796. *Sanchez* and *Louk* both specifically base their holdings on *Morrissey* and *Gagnon*.

 The state concedes that the trial court should have stated its reasons for revoking Jaynes's probation, and we now hold that due process requires the court to state its reasons and the evidence relied upon, in writing, as part of the record when probation is revoked.

 However, we do not consider the court's failure to state the evidence relied upon and its reasons for revocation reversible error. Rather, we agree with the state that the appropriate remedy is remand to the trial court for such a statement. *See Abercrombie v. State*, (1981) Ind., 417 N.E.2d 316; *Rose v. State*, (1982) Ind.App., 431 N.E.2d 521; *Sublett v. State*, (1980) Ind.App., 411 N.E.2d 738, (in each of which cases the trial court did not state its reasons for enhancing the basic sentence and remand was ordered for such a statement). Also, *Dunlap v. State, supra*, and *United States v. Sanchez, supra*, remanded for the required statement.

Since we do not know the trial court's reasons for revoking Jaynes's probation, it is obvious that we cannot determine the question of the sufficiency of the evidence to support such reasons. Our determination of that issue must be deferred until we have the court's reasons for its action.

We remand this cause to the trial court with instructions to the court to enter its written statement of the evidence relied upon and its reasons for the revocation of Jaynes's probation within thirty (30) days of the receipt of this opinion, and we retain jurisdiction to determine the sufficiency issue thereafter.

NEAL and ROBERTSON, JJ., concur.

---

1. Our present statute governing revocation of parole hearings requires that the parolee be provided with a written statement of the reasons for revocation or modification of parole. Ind.Code 11–13–3–10(d).