**Danny Jake HOY, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 3–782A149.**

Court of Appeals of Indiana, Third District.

April 26, 1983.

Donald C. Swanson, Jr., Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Following a jury trial, Danny Jake Hoy (Hoy) was convicted of involuntary manslaughter.[1]  Hoy appeals, raising eight issues:[2]

---

1. IC 1976, 35–42–1–4 (Burns Code Ed., 1979 Repl.).

2. The issues have been renumbered and consolidated.

(1) Whether the trial court erred in permitting the State to amend the information on the day trial began by correcting the number of the statute under which Hoy was charged;

(2) Whether the trial court abused its discretion in granting a continuance from morning to afternoon following a motion by the State based on the absence of subpoenaed witnesses;

(3) Whether the trial judge was properly qualified to pronounce judgment and sentence;

(4) Whether the information varied fatally from the evidence presented at trial;

(5) Whether admission of testimony by police officers regarding statements made to them by another officer and by witnesses to the crime who also testified at Hoy's trial constitutes reversible error;

(6) Whether the trial court erred in admitting into evidence a photograph of the victim after his arrival at the hospital;

(7) Whether the defendant should have been acquitted on the strength of his voluntary intoxication defense; and

(8) Whether the evidence was sufficient to support the verdict.[3]

Affirmed.

On January 20, 1980, at approximately 12:45 a.m. Joseph Scheckel (Scheckel), Robert Lawson and Rosemary Strock were at B's Bar in Fort Wayne, Indiana, when Hoy entered. Hoy struck Scheckel in the face with his fist. Scheckel fell backwards onto the floor. Scheckel was taken to the hospital where he died on January 29, 1980.

**3.** This issue includes Hoy's contention that his motion for a directed verdict should have been granted.

**4.** IC 1976, 35–42–1–4 (Burns Code Ed., 1979 Repl.) provides:
"A person who kills another human being while committing or attempting to commit:
"(1) A class C or class D felony that inherently poses a risk of serious bodily injury;

I.

## Amendment of Information

Hoy contends that the information was improperly amended, over his objection, on the day of trial. The original information was captioned "Class C Felony Information for Involuntary Manslaughter" and the applicable statute was given as "I.C. 35–42–1(1)."[4] The information charged that, on January 20, 1980, Hoy

"did then and [sic] kill Joseph Scheckel while committing battery, by striking said Joseph Scheckel with his fist knocking him to the floor thereby inflicting a mortal injury upon the said Joseph Scheckel which directly and proximately caused his death on the 29th day of January, 1980...."[5]

(Record, p. 5). On the day of trial, the court granted the State's motion to amend the information by citing the correct statute, IC 35–42–1–4.

The statute governing amendment of charges which was in effect at the time of Hoy's trial provided, in part:

"(a) An indictment or information which charges the commission of an offense shall not be dismissed but may be amended on motion by the prosecutor at any time because of any immaterial defect, including:

\*     \*     \*     \*     \*     \*

"(6) *Any mistake in* the name of the court or county in the title of the action, or *the statutory provision alleged to have been violated...."*

IC 1976, 35–3.1–1–5 (Burns Code Ed., 1979 Repl.) (emphasis added) (repealed and replaced by IC 1976, 35–34–1–5 (Burns Code Ed., Supp.1982)). This statute clearly permits an amendment to correct the statute

"(2) A class A misdemeanor that inherently poses a risk of serious bodily injury; or
"(3) Battery; commits involuntary manslaughter, a class C felony."

**5.** The phrase "a Class A Misdemeanor inherently posed the risk of serious bodily injury" was stricken by agreement of the parties.

cited in the information. Moreover, the defendant failed to move for a postponement, as allowed by IC 35–3.1–1–5(d), and he has shown no prejudice to his case resulting from the amendment. *See Walker v. State* (1980), Ind., 409 N.E.2d 626, 628.

Hoy argues that IC 35–3.1–1–5(e) [6] applies here. The amendment permitted on the day of Hoy's trial did not affect the theory of the prosecution or the identity of the offense charged. The facts alleged in the information were sufficient to inform Hoy of the charges against him. The information described the offense as involuntary manslaughter, a Class C felony. The amendment changed neither the factual allegations nor the characterization of the offense; it merely corrected an erroneous statutory citation. Therefore, IC 35–3.1–1–5(e) does not render the amendment improper.[7]

■ Finally, Hoy argues that the amendment should have been signed by the prosecuting attorney rather than by his deputy. IC 35–3.1–1–5(b) requires that an information amended before arraignment in substance or form be signed by the prosecuting attorney. The information against Hoy was amended after arraignment, so IC 35–3.1–1–5(b) does not apply.

## II.

### Continuance

On the day of trial, the trial court granted the State's request for a continuance from morning until 1:00 p.m. Hoy contends that the continuance was granted improperly because the State failed to comply with the requirements of IC 1976, 35–1–26–2 (Burns Code Ed., 1979 Repl.) (repealed). IC 35–1–26–2 provides for a continuance as a matter of right if any witness listed on the back of the information is absent and the

State complies with the requirements for a statement as set forth in IC 1976, 35–1–26–1 (Burns Code Ed., 1979 Repl.) (repealed). In general, the granting of a continuance lies within the broad discretion of the trial court and will not be reviewed on appeal absent an abuse of that discretion prejudicing the complaining party. *McConnell v. State* (1982), Ind., 436 N.E.2d 1097, 1103. The statute does not restrict the court's discretionary powers; it compels the granting of a continuance under certain clearly delineated circumstances. *See Gregory v. State* (1972), 259 Ind. 295, 286 N.E.2d 666, 669 (interpreting a previous version of the statute).

■ The record contains no evidence that the continuance was sought and granted pursuant to IC 35–1–26–2. The record reveals the following:

"States [*sic*] moves for a continuance based on absence of subpoenaed witnesses.

"Defendant moves for Dismissal.

"Defendant's Motion is now denied.

"State is granted a continuance to 1:00 o'clock P.M. this date." (Record, p. 36).

It is well-established that, when a motion for a continuance is not based on statutory grounds or is not made in compliance with statute, the granting of such a continuance lies within the discretion of the trial court. *Schalkle v. State* (1979), Ind., 396 N.E.2d 384, 387; *Johnson v. State* (1970), 254 Ind. 465, 260 N.E.2d 782. Hoy has not shown that he was prejudiced in any way by the continuance from morning until 1:00 P.M. of the same day. Therefore, we find no abuse of discretion.

## III.

### Qualification of Trial Judge

The record indicates that Judge Hobbs presided over the trial as Judge Pro Tem.

---

**6.** IC 35–3.1–1–5(e) provides, in pertinent part:

"(e) Notwithstanding any other provision in this section, an indictment or information shall not be amended in any respect which changes the theory or theories of the prosecution as originally stated, or changes the identity of the offense charged...."

**7.** Hoy relies heavily on *Trotter v. State* (1981), Ind., 429 N.E.2d 637. In *Trotter,* the amendment changed the charge from a "class B" felony to a "class A" felony. That amendment changed the theory of the prosecution and the identity of the offense; the amendment of the information against Hoy clearly did not.

On January 20, 1982, after trial and before the entry of judgment, he was sworn in as Special Judge in this case. Hoy contends that, because the special judge was not selected in accordance with Ind.Rules of Procedure, Criminal Rule 13, the trial court did not have jurisdiction over his case.[8] Following the appointment of Judge Hobbs as Special Judge, Hoy filed a Motion for Continuance of Sentencing. Subsequently, following a hearing at which Hoy appeared in person and by counsel, judgment was entered on the jury's verdict and sentence was pronounced. Hoy filed a Motion to Correct Errors which was denied by the special judge.

Hoy made no objection to the appointment of the special judge until this appeal. Following the appointment, he filed motions with the trial court and appeared at the sentencing hearing. Although the record does not show that the appointment of Judge Hobbs as special judge complied with Criminal Rule 13, Hoy did not object to the irregularity. By failing to do so, he waived his right to raise the issue on appeal. *See Pruitt v. State* (1978), 269 Ind. 559, 382 N.E.2d 150. Not only did Hoy fail to object, he submitted to the authority of the special judge. Thus, his argument that the trial court had no jurisdiction to hear his case must fail. As the Indiana Supreme Court has stated, where both parties submitted to the judge's authority and did not question that authority until appeal, that judge

> "was operating under color of authority and served as a judge *de facto* even if it could arguably be said that he was not acting as a judge *de jure*...."

*Powell v. State* (1982), Ind., 440 N.E.2d 1114, 1117 (citations omitted).[9] Hoy cannot submit to the authority of the trial judge without objection and then seek reversal of his conviction on the grounds that the special judge was not properly selected.[10]

## IV.

### Variance

Hoy contends that the charging information contains a fatal variance from the evidence presented at trial. The information charges that Hoy killed Scheckel while committing battery,

> "by striking said Joseph Scheckel with his fist knocking him to the floor thereby inflicting a mortal injury upon the said Joseph Scheckel which directly and proximately caused his death...."

(Record p. 5). Hoy argues that the information charges that he directly inflicted the mortal wound, but that the evidence was that Scheckel died of an injury to the brain caused by a fall. We disagree for two reasons.

First, the evidence showed that Scheckel died of blood clots in his brain. The pathologist who performed the autopsy on Scheckel testified that clots were found both on the front and the back of the brain and that the clots in the front of the brain were not due to a blow to the back of Scheckel's head. This evidence supports a reasonable inference that the clots resulted from the blow to Scheckel's face from Hoy's fist.

Second, the information charges that Hoy hit Scheckel *"knocking him to the floor"* (emphasis added), thereby causing his death. The record contains evidence that Hoy hit Scheckel, Scheckel fell backwards onto the floor in response to that blow, and later died without regaining consciousness. Thus the evidence presented at trial was consistent with the cause of death as charged in the information.

---

8. Hoy does not attack the trial court's qualifications or appointment as Judge Pro Tem.

9. We also note that the continuing jurisdiction of a judge pro tem over post-trial motions has been upheld in civil cases. *See Needham v. Needham* (1980), Ind.App., 408 N.E.2d 562.

10. Hoy relies on *Shaw v. State* (1978), Ind. App., 178 Ind.App. 101, 381 N.E.2d 883, which held that the failure to comply with required procedures in the selection of a special judge constitutes reversible error, *where a timely objection was made.* Hoy failed to make such a timely objection; therefore, *Shaw* is not applicable.

Any variance between the information and the evidence would be fatal only if it misled the defendant in the preparation of his defense or was so great as to place him in double jeopardy. *Grassmyer v. State* (1981), Ind., 429 N.E.2d 248, 256. The evidence presented at trial conformed to the charging information and Hoy has made no showing that he was misled; therefore, no variance fatal to the State's case occurred.

## V.

### Use of Out-of-Court Statements

Hoy contends that the trial court erred in allowing two police officers to testify regarding statements made to them the night of the crime because the statements were inadmissible hearsay. Hoy has shown no reversible error in the admission of the testimony.

Lt. Richard Renbarger of the Fort Wayne Police Department testified to certain statements made to him by Captain Gutermuth on the night of the crime. Contrary to the statement in appellant's brief, no timely objection was made at trial; therefore, Hoy cannot claim error on appeal.[11] *Evey v. State* (1981), Ind., 419 N.E.2d 971.

The second error Hoy alleges is the testimony of John Havert, a patrolman for the Fort Wayne Police Department, regarding statements made to him at B's Bar after the incident by Robert Lawson and Rosemary Strock. Even if we were to assume, *arguendo,* that these statements were inadmissible as hearsay, their admission would not constitute reversible error. The statements Havert repeated were brief. Both Lawson and Strock testified at length during the trial. Their testimony was consistent with and more detailed than the statements Havert repeated during his testimony. The record contains Lawson's and Strock's descriptions of the incident, properly admitted. Therefore, even if the admission of Havert's testimony were improper, any error in that admission would be harmless.[12] *Gross v. State* (1983), Ind., 444 N.E.2d 296, 301; *Torres v. State* (1982), Ind., 442 N.E.2d 1021, 1024.[13]

## VI.

### Admission of Photograph

Hoy contends that the trial court should not have admitted State's Exhibit 1, a photograph of Scheckel. He argues that the photograph was unduly inflammatory and of no probative value because it shows Scheckel after life-sustaining measures had been taken. We do not agree.

Generally, photographs are admissible if they depict objects or scenes which could be testified to. The admission of a photograph lies within the sound discretion of the trial court and will be re-

11. The record shows the following:
   "Q. Officer Renbarger, after you had interviewed Robert Lawson and Rosie Lawson, what did you next do in your investigation?
   "A. I notified Captain Gutermuth and he stated that he wanted them to take videotapes now and Mr. Lawson refused to have him and his wife take them now. So I notified Captain Gutermuth of this. Captain Gutermuth told them that they would be visited by the day shift detectives or the prosecutor's office the next day.
   "Q. And did you have any further involvement in the case after that evening?
   "A. No, sir. All we do is the preliminary." (Record, p. 131)

12. Hoy also failed to show that the admission of Havert's testimony prejudiced him in any way.

13. In *Douglas v. State* (1982), Ind., 441 N.E.2d 957, 960–61, our Supreme Court indicated that testimony of this type is admissible because the declarants were in court and available for cross-examination, as required by *Patterson v. State* (1975), 263 Ind. 55, 324 N.E.2d 482. However, our Supreme Court has recently indicated a concern that out-of-court statements not be used as a substitute for in-court testimony, noting that the *Patterson* rule has been applied in cases where the out-of-court declarant had already testified. *Watkins v. State* (1983), Ind., 446 N.E.2d 949 (1983). Because the admission of Havert's testimony would not require reversal even if it were erroneous, we need not reach the question.

versed only if that discretion has been abused. *Paige v. State* (1982), Ind., 441 N.E.2d 438. The fact that a photograph may be gruesome does not require its exclusion from evidence if it is material and relevant.

> "Only if there is a clear showing of imbalance between relevancy on the one hand and tendency to inflame the passions of the jury due to gruesomeness on the other hand is the trial court guilty of an abuse of discretion in admitting the photograph into evidence...."

*Askew v. State* (1982), Ind., 439 N.E.2d 1350, 1353.

■ The photograph was admitted after Ronald Lawson, a witness to the incident, testified that it accurately portrayed the "funny look" on Scheckel's face after he fell to the floor. Dr. Rudy Kachmann identified the person in the photograph as the person he examined at the hospital. He further testified that it accurately represented Scheckel's appearance when he saw Scheckel. Richard Manlove identified the person in the photograph as the subject of the autopsy. Testimony by the pathologist performing the autopsy was necessary to establish the cause of death. Furthermore, the photograph shows some of the injuries to Scheckel. The life-support devices were testified to, without objection, by the paramedic at the scene.[14] The photograph had probative value and was not unduly inflammatory. The trial court did not err in admitting it into evidence. *See Russell v. State* (1981), Ind., 419 N.E.2d 973, 974–75.

## VII.

### Intoxication Defense

■ Hoy contends that he is not responsible for Scheckel's death because he was intoxicated at the time of the crime. Hoy bore the burden of proving that he was intoxicated to such a degree as to be incapable of forming the requisite intent. Whether he was so intoxicated was an issue of fact to be determined by the trier of fact. *Roberson v. State* (1982), Ind., 430 N.E.2d 1173, 1174. In support of his contention, Hoy relies on Thomas Omspacher's testimony regarding Hoy's alcohol consumption prior to the crime and on his own testimony that he didn't remember hitting Scheckel and that he sought treatment for alcoholism the next day. The record contains testimony that Hoy entered the bar with his fist drawn, walked over to Scheckel, hit him in the face, and walked out. It also contains testimony regarding contact between Scheckel and Hoy's wife earlier in the evening. Immediately before the crime, Hoy drove to the bar. A jury may believe or disbelieve any witness, and may disregard the testimony of any witness they do not believe. *Borden v. State* (1980), Ind., 400 N.E.2d 1368. The record contains evidence to support the jury's determination.[15]

## VIII.

### Sufficiency of the Evidence

Hoy contends that the evidence is insufficient to support his conviction. When reviewing the sufficiency of the evidence, this Court will neither weigh the evidence nor judge the credibility of witnesses. We will consider the evidence most favorable to the State and all reasonable inferences which may be drawn from that evidence. If there is substantial evidence of probative value on each element of the crime, we will not disturb the judgment. *Smith v. State* (1982), Ind., 429 N.E.2d 956, 957.

■ Hoy was convicted of violating IC 35–42–1–4, which provides:

> "(b) Voluntary intoxication is a defense only to the extent that it negates an element of an offense referred to by the phrase 'with intent to' or 'with an intention to'."

IC 1976, 35–41–3–5(b) (Burns Code Ed., Supp. 1982).

14. We also note that the paramedics began treatment before the police photographer reached the scene. It is reasonable to assume that no photograph of Scheckel after the incident but before the life-sustaining measures were taken was available.

15. We note that the statute providing for the defense of voluntary intoxication has been amended to read:

"A person who kills another human being while committing or attempting to commit:

\* \* \* \* \* \*

"(3) battery;

commits involuntary manslaughter, a Class C felony...."

The record contains evidence to support each element of the offense charged. First, Hoy struck Scheckel in the face with his fist causing Scheckel to fall backward. The existence of knowing or intentional conduct may be inferred from the conduct itself and the surrounding circumstances. *Capps v. State* (1972), 258 Ind. 565, 282 N.E.2d 833.[16] There was sufficient evidence to support a determination that Hoy acted knowingly or intentionally in striking Scheckel which constitutes a battery. *See* IC 1976, 35–42–2–1 (Burns Code Ed., Supp.1982).

Second, it is uncontroverted that a human being died. Joseph Scheckel was named in the information, *cf. Askew v. State* (1982), Ind., 439 N.E.2d 1350 (an information that names a person need not state that the person is a human being), and described in the record. The record also contains evidence that Scheckel died and an autopsy was performed.

Finally, the record contains evidence from which it could reasonably be concluded that Scheckel's death resulted from being struck by Hoy and falling. Medical experts testified that Scheckel died from blood clots in the front and back of his brain. Witnesses testified that Hoy struck Scheckel in the face causing him to fall backwards. This evidence supports an inference that Hoy's actions caused Scheckel's death. The record contains substantial evidence on each element of the crime. Therefore, we must affirm Hoy's conviction.[17]

HOFFMAN, P.J., and GARRARD, J., concur.

---

16. We discussed Hoy's argument regarding the intoxication defense in the previous section.

17. Hoy also contends that his motion for a directed verdict should have been granted. Clearly, the State presented sufficient evidence to withstand such a motion.