**Maurice Evan SCRUGGS,
Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A02–9204–CR–192.**

Court of Appeals of Indiana,
Second District.

March 4, 1993.

Richard D. Gilroy, Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Geoff Davis, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

SHIELDS, Judge.

Maurice Evan Scruggs attempts to appeal his conviction for burglary, a class B felony. However, he candidly and accurately advises this court of an impediment to his appeal—the lack of an appealable judgment.

■ The record reveals that Scruggs's sentencing was conducted by a person other than a duly qualified judge of the Marion Superior Court, and yet fails to contain any authority for this person to act as a judicial officer. The authority upon which Senior Judge Buchanan relies is not such authority. The record in this cause contains only the Chronological Case Summary (CCS). The CCS is maintained by the Clerk of the Circuit Court and, by supreme court rule, contains a sequential record of the judicial events in each proceeding including the date of the event and a brief summary of any documents, orders, rulings, or judgments filed or entered in the case. Ind.Trial Rule 77(B).[1] Thus, the CCS is an index to judicial events and, while it is an official record, the entries therein are neither judicial events nor judicial entries as were, for example, the formerly-used minute entries to which Senior Judge Buchanan refers.

The documents, orders, rulings, and judgments themselves are in the Record of Judgments and Orders. Ind.Trial Rule 77(D) describes the order book and, in part, specifically provides that it shall contain "the certification of the election of the regular judge of the court, any order appointing a Special Judge, Judge Pro Tempore, or Temporary Judge, [and] the oath and acceptance of any judge serving in the court." The praecipe in this case requested the record of proceedings and transcript of the pre-trial legal hearings, the evidence of the trial, and the sentencing. The request for the record of proceedings, by definition of that term in Ind.Appellate Rule 7.2(A), includes a request for a copy of the praecipe, the motion to correct error or assignment of error, if used, copies of all papers filed or offered to be filed, and a copy of the order book entries. Inasmuch as order book entries were requested, and yet the record is devoid of any order book entries pertaining to the authority of the person

---

1. T.R. 77(B) reads:

Chronological Case Summary. For each case, the Clerk of the Circuit Court shall maintain a sequential record of the judicial events in such proceeding. This record shall include the title of the proceeding; the assigned case number; the names, addresses, telephone and attorney numbers of all attorneys involved in the proceeding, or the fact that a party appears pro se with address and telephone number of the party so appearing; and the assessment of fees and charges (Public Receivables). Notation of judicial events shall set forth the date of the event and briefly define any documents, orders, rulings, or judgments filed or entered in the case.

The Chronological Case Summary shall also note the entry of orders, rulings and judgments in the Record of Judgments and Orders, the entry of judgments in the Judgment Docket (IC 33–17–2–3), and file status (pending/decided) under section (G) of this rule. The Chronological Case Summary shall be maintained apart from other records of the court and shall be organized by case number.

who presided at Scruggs's sentencing, we must assume that no such entries exist.

■ Non-judicial entries, and in particular, non-judicial entries that are merely prefatory, do not constitute an improper or irregular appointment of a judge such that the person presiding at the judicial event can be considered as a de facto judicial officer. An improper or irregular appointment, such as that in *Powell v. State* (1982), Ind., 440 N.E.2d 1114, requires some action by the duly qualified judge that falls short of complying with proper procedures in order for the waiver doctrine to apply. A party cannot waive that which has not occurred—in this case, empowering the person conducting the sentencing to act as a judicial officer.

The fallacy of relying upon the CCS is well-illustrated by the CCS in this case. As an example, the CCS entry for the date of Scruggs's sentencing appears as follows:

```
DATE: 01/29/92 TIME: 09:00        EVENT: SENTENCING
CASE EVENT COURT: G02
CASE EVENT DISPOSITION: CASE EVENT COMPLETE
JUDGE: 27674 FOGLE ANDREW J        TYPE: Pro Tem
PROSECUTOR: B2472 BLOWERS PHILIP
DEFENSE ATTORNEY: 02284 TRIVEDI CANDACE W
LAST UPDATER: 35182 BOBERSCHMIDT ANDREW
000    Court Reporter: LESSIE CRAWLEY.
001    SENTENCING HEARING MINUTES 01/29/92
002    Pro Tem
003    Defendant by counsel CANDACE TRIVEDI.
004    State of Indiana by PHIL BLOWERS.
005    Judgment of conviction entered on counts(s) 1,2
006    Court conducts Sentencing hearing and, after considering the Presentence Inves-
       tigation report and all evidence presented, sentences the Defendant as follows:
007    As to Count 001, Sentence imposed 12 y: Executed 4380 D; Suspended 0 Y.
008    As to Count 002, Sentence imposed 545 D; Executed 545 D; Suspended 0 D.
009    All counts to run concurrently with one another.
010    Defendant ordered committed to Department of Correction and given 187 days
       credit time.
011    Abstract of Judgment issued and filed (H.I.).
012    Criminal Court Commitment Order
013    End of Update Sentencing/Commitment
014    Court finds aggravating circumstances.
015    Court advised Defendant and Counsel of rights of appeal.
016    Court finds Defendant indigent for appeal purposes and refers matter to Marion
       County Pauper Appeals Panel.
017    Defendant does not wish to appeal.
```

Record at 7.

Thus, prefatory to entering the record of a judicial event as defined by T.R. 77(B), the Marion County Clerk's updater, the computer operator, enters the judge's name, number, and type, the prosecutor's number and name, the defense attorney's number and name, the updater's number and name, and the court reporter's name. Only after those entries does the updater proceed to index and briefly describe the judicial event as required in T.R. 77(B).

None of the entries in this case record any attempt whatsoever by the duly qualified judge to empower the person sentencing Scruggs with authority to so act. In particular, there are no "trial court[ ] minute entries" to which Senior Judge Buchanan refers; he is relying merely upon the prefatory entry of an updater for authority that at some unrecorded point in time the person who presided at Scruggs's sentence

was a duly qualified judicial officer.[2] The integrity of the system demands more.

■ Scruggs directs the attention of this court to a further defect. The record reveals that while his trial also was conducted by someone other than a duly qualified judge of the Marion Superior Court, there again is nothing in the record indicating the authority of this individual to serve as a judicial officer. If such authority exists, it should be included in the record in the event a subsequent appeal of Scruggs's conviction occurs.

Appeal dismissed and Scruggs ordered released from custody of the Department of Correction and returned to the custody of the Marion County Sheriff.

SULLIVAN, J., concurs.

BUCHANAN, Senior Judge, dissents, with separate dissenting opinion.

BUCHANAN, Senior Judge, dissenting.

I respectfully dissent. Form should not triumph over substance.

I cannot agree that there is no appealable judgment in this case. Unlike the situation in which a master commissioner's findings are not adopted by a judicial officer, *see, e.g., Rivera v. State* (1992), Ind. App., 601 N.E.2d 445, irregularities in the appointment of a judge do not affect the finality of a judgment.

In *Powell v. State* (1982), Ind., 440 N.E.2d 1114, our Supreme Court concluded that an improperly appointed judge is a judge de facto, even if not a judge de jure, and that any error in the appointment of a judge must be raised at trial or the issue is waived. *See also Bivins v. State* (1985), Ind., 485 N.E.2d 89; *Hoy v. State* (1983), Ind.App., 448 N.E.2d 31.

On appellate review, we presume that the trial court correctly followed the law and the burden is on the appellant to demonstrate reversible error. *Madison County Bank & Trust Co. v. Kreegar* (1987), Ind., 514 N.E.2d 279; *Nesses v. Specialty Connectors Co.* (1990), Ind.App., 564 N.E.2d 322; *Collins v. Thakkar* (1990), Ind.App., 552 N.E.2d 507, *trans. denied.*

The trial court's minute entries show that Fogle appeared at Scruggs's trial and at sentencing as a judge pro tem.[1] Record at 6–7. While the actual documents appointing Fogle as a judge pro tem do not appear in the record, Scruggs has made no effort to supplement the record or otherwise demonstrate that the documents do not exist in order to carry his burden of showing reversible error. Absence of evidence is not necessarily evidence of absence.

"Incompleteness or inadequacy of the record shall not constitute a ground for dismissal of the appeal or preclude review on the merits." Ind. Appellate Rule 7.2(C). Appellate Rule 7.2(C) provides the proper procedure that must be followed when an incomplete record is submitted on appeal. It seems to me the majority disregards the express provisions of the rule by dismissing Scruggs's appeal because of a presumed inadequacy of the record.

I do not dispute that the record lacks the official appointment of Fogle to act as a judge pro tem at Scruggs's trial and sentencing hearing. Rather, I disagree with the majority's presumption that an official appointment does not exist. It is not my contention that the minute entries reflected in the Chronological Case Summary (CCS) constitute an official appointment of a judicial officer. The minute entries are, however, *evidence* that an appointment was made and that Scruggs's trial and sentencing hearing were conducted by an individual acting under the color of judicial authority. The entries also highlight the portions of the record which need to be supplemented.

---

2. Also, it should be noted that while some of the updater's prefatory entries report that Andrew J. Fogle is a pro tem "type" judge, others record that he is a special judge "type" judge, and others, still later, record the judge as Webster Brewer, the duly qualified judge.

1. There is some inconsistency in the record regarding Fogle's designation as a special judge or a judge pro tem. The trial court's minute entries reflect that Fogle served as a judge pro tem at both trial and at the sentencing hearing, Record at 6–7, while he signed Scruggs's commitment and the judge's certificate of the sentencing hearing as a special judge. *Id.* at 28, 125.

Rather than focusing on the prefatory information contained in the CCS entries, I consider that portion of the entry relating to Scruggs's sentencing hearing, which provides:

001 SENTENCING HEARING *MINUTES* 01/29/92

002 *Pro Tem*

Record at 7 (emphasis supplied).

As the minute entry denotes a pro tem judge presided at the hearing, the record should be supplemented to show the appointment of the judge pro tem, not dismissed in contravention of App.R. 7.2(C). If such an appointment was never made, then dismissal would be proper, but the majority's assumption that an appointment was not made is unwarranted and its dismissal of this appeal is premature. While I recognize that mistakes in minute entries and CCS entries can happen, I do not believe that we should presume a mistake has occurred without any further evidence.

The majority makes much of the fact that a request for the record of proceedings includes a request for a copy of the order book entries, pursuant to App.R. 7.2(A), and that the order book is supposed to contain the orders appointing special judges, judge pro tempores and temporary judges, as well the oath and acceptance of any judge serving in the court, according to Ind. Trial Rule 77(D). From these rules, the majority reasons that Scruggs's request for the record of proceedings should have resulted in a copy of Fogle's appointment being included in the record, and that in its absence, it must be presumed that an appointment did not exist and dismissal is required. I can find no basis for such a presumption in the rules or the cases.

Because the record contains evidence that Scruggs's trial and sentencing hearing were conducted by a judicial officer, the record should be supplemented to establish whether Fogle was duly appointed, and if he was, this appeal should be considered on its merits.

