**James FERGUSON, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A02–9307–CR–363.**

Court of Appeals of Indiana, Second District.

May 5, 1994.

Richard D. Gilroy, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Deana McIntire Smith, Deputy Atty. Gen., Indianapolis, for appellee.

FRIEDLANDER, Judge.

On December 6, 1991, James Ferguson pled guilty to Burglary, a class B felony.[1] On February 12, 1992, the trial court sentenced Ferguson to six years, all suspended. The court further ordered that Ferguson be placed on probation for two years. A written statement of the probationary conditions was read to and acknowledged by Ferguson, and he agreed to comply with the conditions. Among the conditions of Ferguson's probation order were that Ferguson would report as directed to the probation department, would successfully complete substance abuse treatment, would refrain from the illegal use of alcohol or controlled substances, would seek and maintain full-time employment, and would pay his court-ordered debt. Another of the conditions of Ferguson's probation was that the full sentence of six years could be imposed should Ferguson fail to comply with any of the conditions of his probation order.

On July 8, 1992, Ferguson's probation officer filed a notice of probation violation with the Marion Superior Court alleging that Ferguson had not successfully completed substance abuse treatment, had not paid his court-ordered debt and had not reported as directed to the probation department. On December 18, 1992, following a hearing, the court found that Ferguson had violated the terms of his probation and ordered him to report to his probation officer for a "Harbor Light bed date," (i.e., substance abuse treatment). *Record* at 9.

On March 5, 1993, Ferguson's probation officer filed another notice of probation violation with the court, alleging that Ferguson had tested positive for cocaine use, had failed

1. Ind.Code 35–43–2–1.

to complete the aftercare substance abuse program as directed, had failed to attend several Alcoholics Anonymous/Narcotics Anonymous meetings as directed, and had failed to obtain full-time employment. During a probation revocation hearing held March 19, Ferguson admitted that he had failed to complete the aftercare program as directed and had failed to attend the Alcoholics Anonymous/Narcotics Anonymous meetings as directed. Ferguson denied the remaining allegations.

On March 25, Ferguson's probation officer filed a third notice of probation violation, alleging that Ferguson had failed to report as directed by subpoena to testify against a co-defendant. At a probation revocation hearing held April 14, Ferguson's probation officer testified that Ferguson had failed to obtain full-time employment (or provide proof of a good job search) as required and had failed to report as directed by subpoena to testify against a co-defendant.

Following the hearing, the trial court found that Ferguson had violated the terms of his probation, revoked Ferguson's probation and ordered Ferguson to serve the remaining portion of the originally suspended six-year sentence for burglary.

Ferguson appeals the revocation of his probation, raising two issues for our review:

I. Did the trial court err in failing to state its reasons and the evidence relied upon, in writing, for revoking Ferguson's probation?

II. Did the State prove by a preponderance of the evidence that Ferguson had violated conditions of his probation?

First, we address whether the trial court erred by failing to state its reasons and the evidence relied upon, in writing, for revoking Ferguson's probation.

At the close of Ferguson's probation revocation hearing, the trial court stated,

"Show the Court does find ... that [Ferguson] has admitted [the allegations that he failed to complete required aftercare substance abuse treatment and failed to attend required Narcotics or Alcoholics Anonymous meetings]; as to [failing to obtain full-time employment], ... show that the Court finds that he did violate the conditions of his probation; and as to [failing to report as directed in a subpoena to testify], that he did violate the conditions of his probation. Show having found that [Ferguson] has violated the conditions of his probation, I will show that his probation would be revoked and the original sentence would be imposed." *Record* at 127–128.

■ Due process requires that, when revoking probation, the court state its reasons and the evidence relied upon, in writing, as part of the record. *Jaynes v. State* (1982), Ind.App., 434 N.E.2d 923; *Hensley v. State* (1991), Ind.App., 583 N.E.2d 758; *Breaziel v. State* (1991), Ind.App., 568 N.E.2d 1072. A trial court's failure to state its reasons for revoking probation does not constitute reversible error. *Jaynes, supra.* Rather, the appropriate remedy is for this court to remand to the trial court for such a statement. *Id.*

Since we do not know the trial court's reasons for revoking Ferguson's probation, we are unable to determine the question of the sufficiency of the evidence to support such reasons. *See Jaynes, supra.* We thus defer our determination of that issue until we have the court's reasons for its actions.

We remand this cause to the trial court with instructions to enter its written statement of the evidence relied upon and its reasons for the revocation of Ferguson's probation within (30) days of the receipt of this opinion, and we retain jurisdiction to determine the sufficiency issue thereafter.

KIRSCH and RUCKER, JJ., concur.