William Joseph OFFRINGA,
Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–9401–CR–11.

Court of Appeals of Indiana,
Second District.

July 11, 1994.

Walter E. Bravard, Jr., Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Jodi Kathryn Rowe, Deputy Atty. Gen., Indianapolis, for appellee.

KIRSCH, Judge.

William Joseph Offringa appeals from the trial court's judgment revoking his probation.[1] Offringa raises two issues for our review: whether the State presented sufficient evidence that Offringa intentionally violated the conditions of his probation and whether the trial court erred in failing to provide a written statement of the evidence it relied on and its reasons for revoking Offringa's probation. Because there are no written findings, we remand this cause to the trial court.

### STATEMENT OF THE FACTS

As a result of a plea agreement, Offringa pled guilty to Child Molesting, a Class C felony on May 2, 1991 and was sentenced to five years imprisonment (three years suspended) and placed on probation for three years following his release from incarceration. On January 7, 1993, the probation department filed a Notice of Probation Violation. A hearing was held on March 10, 1993, and Offringa was ordered to comply with probation conditions. A second Notice was filed June 1, 1993. At a hearing held on September 24, 1993, Craig Wellnitz found a violation of probation, revoked Offringa's probation, and ordered him to serve the remainder of the three years previously suspended, stating:

"All right, let the record show the terms of probation have been violated. Probation will be revoked. Previously suspended sentence will be executed...."

Record at 87–88.

### DISCUSSION AND DECISION

Due process requires that, when revoking probation, the court must state in

1.  IC 35–38–2–3

writing its reasons and the evidence relied upon. *Jaynes v. State* (1982), Ind.App., 434 N.E.2d 923. A trial court's failure to provide such a statement does not constitute reversible error. *Id.* The appropriate remedy is for this court to remand to the trial court for such a statement. *Id.*

Without a statement of the court's reasons for revoking Offringa's probation, we are unable to address the question of the sufficiency of the evidence to support such reasons. Therefore, we defer our determination of that issue until we have the court's statement before us.

 Offringa's revocation proceedings were conducted by Craig O. Wellnitz. The parties signed a consent to the appointment of Mr. Wellnitz as special judge in this matter, but the Record contains no appointment under the provisions of Ind.Crim.Rule 13. Consent of the parties does not serve as a valid or defacto appointment of Mr. Wellnitz as special judge in this matter. Although the parties may consent to the service of a defectively appointed special judge, the parties have no power to grant such individual authority not theretofore conferred by some sort of appointment whether valid or "improper or irregular." *Scruggs v. State* (1993), Ind.App., 609 N.E.2d 1148, 1150.

Here, Craig Wellnitz was the duly appointed master commissioner of the trial court. As such, he had the same powers as a magistrate under IC 33-4-7-8.[2] Effective July 1, 1993, a magistrate in a criminal trial may enter a final order, conduct a sentencing hearing, or impose a sentence. *Id.* As a result, Craig Wellnitz had the authority in his capacity as master commissioner to enter a final order on the petition for revocation. We treat the parties' consent to the appointment of Mr. Wellnitz as special judge as surplusage.

We remand this cause to the trial court with instructions to enter its written statement of the evidence relied upon and its reasons for the revocation of Offringa's probation within thirty (30) days of the receipt

of this opinion. We retain jurisdiction to determine the sufficiency issue thereafter.

SULLIVAN and FRIEDLANDER, JJ., concur.