**Loren L. COLLINS, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 70A04–9403–CR–92.

Court of Appeals of Indiana,
Fourth District.

Aug. 24, 1994.

Transfer Denied Oct. 31, 1994.

Lyn W. O'Neal, Greenfield, for appellant.

Pamela Carter, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

RILEY, Judge.

## STATEMENT OF THE CASE

Defendant–Appellant Loren L. Collins (Collins) appeals following the revocation of his probation.

We affirm.

1. IND. CODE 35–48–4–1(1) (1993 Supp.)

## ISSUES

Collins raises two issues which we re-state as:

    1. Whether the trial court erred when it failed to credit Collins for time served while on home detention.

    2. Whether the trial court erred when it imposed the full suspended sentence upon revocation of probation.

## FACTS AND PROCEDURAL HISTORY

In July, 1989, Collins was charged by information with dealing in a narcotic drug, a class B felony[1], and dealing in a substance represented to be a controlled substance, a class D felony[2]. In October, 1990, he pled guilty to the charge of dealing in a narcotic drug. The pre-sentence report indicated that the mitigating factors outweighed the aggravating factors and therefore the trial court imposed the minimum sentence of six years and suspended the entire sentence. The trial court ordered that two years of the suspended sentence be served on electronically monitored home detention. Collins' term of electronic monitoring was terminated by court order and agreement of the parties in June, 1992. However, home detention was to remain in force until October, 1992. In July, 1992, the State filed its verified petition of probation violation alleging that

> On June 29, 1992, Loren L. Collins was arrested by the Indiana State Police for Driving While License Suspended and Driver's License Restrictions Violation . . . and the Court found probable cause for the arrest of said Loren L. Collins on June 30, 1992. . . . On June 30, 1992, charges were filed against Loren L. Collins for Check Deception, . . . and the Court found probable cause on July 1, 1992.

(R. 30–31). After consulting with his attorney, Collins admitted the violation and a dispositional hearing was set. Collins failed to appear at the hearing and was later apprehended in New York. At the eventual dispositional hearing, the probation officer indicated that Collins had failed to maintain contact with him and had failed to pay his probation

2. I.C. 35–48–4–4.5 (1993 Supp.)

user fees. The probation officer recommended that Collins' suspended sentence be executed. The court then revoked Collins' probation, giving him credit only for the time served in jail prior to sentencing. Collins received no credit time for the time served on home detention. Collins appeals.

## DISCUSSION AND DECISION

### I. Credit Time

■ Collins argues that the trial court erred when it failed to give him credit for the time served on electronically monitored home detention. I.C. 35–38–2–2.3(a)(15) (1993 Supp.) provides the authority for the trial court to place Collins on home detention as a condition of his probation. It is provided by statute that "a person does not earn credit time while on parole or probation." I.C. 35–50–6–6(a) (1993 Supp.).

We recently held that the trial court's denial of credit for time served on electronically monitored home detention did not constitute cruel and unusual punishment. *Barton v. State* (1992), Ind.App., 598 N.E.2d 623. In that case we reasoned that since home detention is a benefit to defendants, the refusal to grant credit time for time served on home detention does not amount to cruel and unusual punishment. The operative facts in *Barton* are virtually identical to the facts in this case. Barton was sentenced to a four year term of imprisonment. The sentence was suspended and he was placed on probation for the entire term. As a condition of probation, he was ordered to serve one year in an electronically monitored home detention program. After completing the home detention program but while still on probation, Barton violated the terms and conditions of his probation. His probation was revoked and the trial court imposed the original sentence with no credit time for time served in the home detention program. *Id.*

We find no basis upon which this case can be distinguished from *Barton*. We note that the Indiana supreme court recently decided a case wherein it held that defendants placed on *pretrial* home detention are entitled to credit time for the period of home detention. *Capes v. State* (1994), Ind., 634 N.E.2d 1334. However, this case is distinguishable because credit for time served on pretrial home detention had not been preempted by statute. We are constrained to follow the clear and unambiguous mandate of I.C. 35–50–6–6(a). Therefore, we affirm the decision of the trial court to deny Collins credit for time served while on home detention as a condition of his probation. To hold otherwise would be to invade the province of the legislature.[3]

### II. Imposition of Suspended Sentence

■ Collins contends that the trial court's imposition of the full suspended sentence is disproportionate to the reasons for the probation revocation. Specifically, he argues that since at the time of his revocation he had served almost two years on home detention, imposition of the full six year original sentence was inappropriate.

■ We will not reverse a sentencing decision by the trial court if it is within statutory bounds unless it appears to be manifestly unreasonable. *Brim v. State* (1993), Ind. App., 624 N.E.2d 27, 38, *trans. denied.* A sentence is not unreasonable unless no reasonable person could find such a sentence appropriate to a particular offense and defendant. *Id.*

At Collins' original sentencing, his presentence report indicated two prior criminal convictions. However, using a point system, the probation officer calculated that mitigating factors outweighed aggravating factors. Based on this evaluation, the trial court sentenced Collins to the minimum sentence of six years, which sentence was entirely suspended. Following the revocation, the revised presentence report indicated that the aggravating factors outweighed the mitigating factors fifteen to six. Further, Collins fled to New York and failed to appear at the disposition hearing.

Having found that Collins was in violation of probation, the trial court revoked his pro-

---

**3.** We note that Collins cited no authority in support of his argument. The sole citation to authority made in his brief was to *Barton* which he argued was an erroneous decision. *Barton*, 598 N.E.2d 623. Generally, a party waives any alle-gation of error for which it fails to provide supporting citation of authority. Ind.Appellate Rule 8.3(A)(7). However, because of our strong preference to decide issues on their merits, we fully addressed the issue.

bation and ordered him to serve the six year sentence which was originally suspended. The court credited Collins sixty-six days for time served in jail prior to sentencing.

The trial court properly stated its reasons for revoking Collins' probation and the evidence relied upon. *See Offringa v. State* 637 N.E.2d 190 (Ind.App.1994). The trial court acted properly when it ordered execution of the original six year sentence. I.C. 35–38–2–3(g)(3) (1993 Supp.) provides that "[i]f the court finds that the person has violated a condition at any time before termination of the period, and the petition to revoke is filed within the probationary period, the court may (3) order execution of the sentence that was suspended at the time of initial sentencing." We find no error regarding the imposed sentence.

## CONCLUSION

Based on the foregoing, we conclude that the trial court properly awarded Collins credit time for only the time he served prior to sentencing and properly imposed the original suspended sentence upon Collins' revocation of his probation.

The trial court is affirmed in all respects.

HOFFMAN and BAKER, JJ. concur.