**Fred BURTON III, Defendant–Appellant,**

v.

**STATE of Indiana, Plaintiff–Appellee.**

**No. 71A03–8906–CR–233.**

Court of Appeals of Indiana, Third District.

Dec. 18, 1989.

Kenneth M. Hays, South Bend, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

HOFFMAN, Judge.

Defendant-appellant Fred Burton III appeals a probation revocation. The facts indicate that appellant pled guilty to receiving stolen property, a Class D felony. The trial court imposed a suspended two-year sentence and placed appellant on two years probation. As a condition of probation, the trial court ordered appellant to reside for one year at the DuComb Center, a community based corrections project. While at the DuComb Center, appellant was to engage in substance abuse treatment, attend school and find full-time employment. After eight months at the DuComb Center, the staff terminated appellant from the program because of his disruptive and uncooperative behavior. On January 31, 1989, the trial court granted the State's petition to revoke probation.

■ Appellant argues that the trial court erred in refusing to credit time appellant was confined to the DuComb Center. The trial court placed appellant in the DuComb Center program as a condition to probation in accordance with IND.CODE § 35–38–2–2(a)(3) (1988 Ed.) which states:

"As conditions of probation, the court may require the person to ... [a]ttend or reside in a facility established for the instruction, recreation, or residence of persons on probation."

The trial court's refusal to credit time appellant was confined at the DuComb Center as a condition of probation complied with IND.CODE § 35–50–6–6(a) (1988 Ed.) which reads in part:

"[A] person does not earn credit time while on ... probation."

The trial court did not err on this issue.

■ Appellant argues he was denied due process. At an October 18, 1988 meeting, the DuComb Center staff decided to terminate appellant from the program. Appellant claims he was denied due process because he was not given an opportunity to be heard at the meeting.

On January 20, 1989 an evidentiary hearing was held on the State's petition to revoke appellant's probation. The evidentiary hearing satisfied the due process required for a probation revocation by IND. CODE § 35–38–2–3 (1988 Ed.).

Appellant's due process rights were not violated.

Affirmed.

STATON and BUCHANAN, JJ., concur.