Melvin T. **FRANKLIN**, Appellant (Defendant below),

v.

**STATE** of Indiana, Appellee (Plaintiff below).

No. 49S05–9707–CR–00412.

Supreme Court of Indiana.

Oct. 8, 1997.

---

Kurt A. Young, Nashville, for Appellant.

Pamela Carter, Attorney General, Andrew L. Hedges, Deputy Attorney General, Indianapolis, for Appellee.

---

## ON PETITION TO TRANSFER

SULLIVAN, Justice.

Following defendant Melvin T. Franklin's arrest on drug charges, the trial court placed him on home detention with electronic monitoring. Following a bench trial, the court convicted Franklin of Dealing in a Narcotic Drug, a class B felony,[1] and Possession of a Narcotic Drug, a class D felony.[2] He was sentenced to ten years in prison, with four years suspended and two years to be served on probation. Franklin received six days credit time towards this sentence for time he served in jail; he did not receive credit for the time he spent on home detention.

The Court of Appeals affirmed the trial court's denial of credit time for the period Franklin spent on home detention, and Franklin petitioned our Court to grant transfer, which we did on July 16, 1997.

Franklin raises for our consideration the sole issue of whether the trial court erred in not granting him credit for at least some portion of the time he served on home detention. Franklin bases his argument on this Court's holding in *Capes v. State*, 634 N.E.2d 1334 (Ind.1994), where we concluded that the appellant Capes was entitled to credit time for pre-trial home detention. The credit time statutes in effect then and now provide in relevant part that a person in Capes's and Franklin's position "earns one (1) day of credit time for each day he is imprisoned for a crime or confined awaiting trial or sentencing." Ind.Code § 35–50–6–3(a) (1993). *Capes*, 634 N.E.2d at 1335. We concluded that Capes was "confined" for purposes of calculating the accumulation of credit time. *Id.*

In *Capes*, the Court of Appeals had rejected the appellant's credit time argument on grounds that pre-trial home detention did not serve the goals and purposes of credit time—primarily furthering good behavior in prison. We acknowledged this but pointed out that post-conviction home detention also did not serve those goals and purposes and yet the legislature had specifically provided for credit time for post-conviction home detention.

*Id.* (referring to Ind.Code § 35–38–2.6–6 (1993)). We then observed that there was no good reason to provide credit time to post-conviction home detainees but not pre-trial home detainees. *Id.* We also concluded that Capes was "confined" for purposes of calculating the accumulation of credit time. *Id.*

In reaching its decision to affirm the trial court's denial of credit time, the Court of Appeals concluded that our holding in *Capes v. State* was no longer controlling law, and that the "decision is no longer dispositive to [that court's] analysis." *Franklin v. State*, 679 N.E.2d 510, 512 (Ind.Ct.App.1997). The Court of Appeals based this conclusion "on the fact that shortly after [this Court handed down *Capes* ], an amendment to the community corrections statute went into effect denying credit time to post-conviction home detainees. Therefore, the supreme court's rationale ... is without statutory foundation." *Id.* (citation omitted).

We think the Court of Appeals was wrong to conclude that *Capes* was no longer controlling. On occasion, an amendment to existing legislation may explicitly overrule or otherwise definitively affect the holding of a case decided earlier by the Supreme Court. Such an amendment may indicate either a complete change in the law—usually in response to an appellate decision—or merely a clarification of the legislature's original intent. *Joe v. Lebow*, 670 N.E.2d 9, 18, n. 7 (Ind.Ct.App. 1996). To insist on adherence to Supreme Court precedent in such circumstances would be of no utility. But that is not the effect of the legislative enactment here. In *Capes*, we refuted the Court of Appeals' determination that pre-trial home detention was not confinement by observing that the post-conviction home detention statute was inconsistent with that conclusion. However, the new statute specifically denying credit to post-conviction home detainees neither explicitly overruled nor otherwise definitively affected our conclusion in *Capes* that pre-trial home detention is confinement—it related only to post-conviction home detention. *Capes* re-

---

1. Ind.Code § 35–48–4–1(a) (1993 and Supp. 1995).

2. Ind.Code § 35–48–4–6(a) (1993 and Supp. 1995).

mained controlling precedent in regard to pre-trial home detention.

All of that having been said, we agree with the Court of Appeals that the amendment to the post-conviction home detention statute evinces legislative intent that credit time can no longer be awarded to pretrial home detainees. Today, if Franklin were serving time on home detention as part of a community corrections program, he would not be eligible for credit time. We agree that under these circumstances it is appropriate to overrule *Capes* and hold that Franklin is therefore not eligible for credit for the time he served on pre-trial home detention.

We grant transfer and affirm the trial court.

SHEPARD, C.J., and SELBY, J., concur.

DICKSON and BOEHM, JJ., concur in result, for the reason that they believe that it is not inappropriate for the Court of Appeals to reach a result contrary to a precedent of this Court if the reasoning behind that precedent is clearly no longer applicable.