**Michael Matthew WHARFF,
Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 54A04–9707–CR–280.**

Court of Appeals of Indiana.

Jan. 23, 1998.

Transfer Denied April 8, 1998.

Jim Bowlin, Crawfordsville, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Andrew L. Hedges, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Michael Matthew Wharff appeals the denial to him of credit for his time on electronic home detention in the trial court's order revoking his probation. We affirm.

### FACTS

On April 19, 1993, Wharff pleaded guilty to burglary as a class C felony. On June 21, 1993, Wharff was sentenced to five years, with the sentence suspended. Wharff was placed on probation for five years, and as a condition of probation, he was placed on electronically monitored home detention for the first 180 days thereof. After a third subsequent arrest in late 1996, the trial court revoked Wharff's probation. The court determined Wharff was not entitled to credit for the time he spent in electronic home monitoring as a condition of probation but only to jail time credit, and ordered Wharff to serve his five year sentence less only the jail time credit.

### DECISION

Wharff contends that the trial court erred in denying him credit for time served during the period of his home detention against his sentence. He first argues that confinement on home detention constitutes imprisonment pursuant to *Capes v. State*, 634 N.E.2d 1334 (Ind.1994). He concedes that the "Indiana legislature responded to the *Capes* decision with a 1994 amendment to I.C. 35–38–2.6–6 [1] excluding those confined at home from receiving credit time for good behavior." [2] Wharff's Brief at 9. However,

---

1. Ind.Code 35–38–2.6–6 allows credit time to be earned by persons *sentenced* to certain community corrections programs.

2. Specifically, the statute provides that "a person who is placed in a community corrections program under this chapter is entitled to earn credit time under IC 35–50–6 *unless* the person is placed in the person's home." I.C. 35–38–2.6–6(a) (emphasis added).

without further authority or development thereon, he then asserts that

> according to the controlling law of the state of Indiana and the Indiana Supreme Court, confinement on home detention still constitutes imprisonment and as such, offenders should still receive credit toward release for the actual time served confined.

*Id.* Our supreme court revisited *Capes* in *Franklin v. State,* 685 N.E.2d 1062, 1064 (Ind.1997), and held that "the amendment to the post-conviction home detention statute evinces legislative intent that credit time can no longer be awarded to pretrial home detainees." Therefore, the holding of *Capes* that pre-trial home detention qualifies for credit for the time on home detention was overruled. *Id.*

■ Wharff next argues that a series of appellate decisions "have misconstrued I.C. 35–50–6–6(a) to preclude the allowance to probationers not only of 'credit time' for good behavior, but also the allowance of credit against their sentence for time served." Wharff's Brief at 9. Ind.Code 35–50–6–6(a) contains the statement that "a person does not earn credit time while on parole or probation." Chapter 6 concerns release from imprisonment and the earning of "good time." As the State correctly notes, we have consistently and unambiguously held that a person placed on home detention as a condition of probation is not entitled to credit time. *See Collins v. State,* 639 N.E.2d 653, 655 (Ind.Ct.App.1994), *trans. denied; Barton v. State,* 598 N.E.2d 623 (Ind.Ct.App.1992); *Burton v. State,* 547 N.E.2d 882, 883 (Ind.Ct.App.1989).

■ Finally, Wharff claims "the distinction between the statutory term 'credit time'" and "the concept of 'credit for time served'" has been blurred by *Collins* and *Barton.* Wharff's Brief at 12. He directs us to no statutory mandate for his "concept" of credit for time served. Moreover, we cannot agree that home detention as a condition of probation constitutes "time served." The 1993 judgment of conviction ordered Wharff's five year sentence "suspended and that defendant be placed on probation for a period of 5 years on the terms and conditions as set forth by the court." (R. 48). One of those conditions

was that Wharff be on electronic home detention for 180 days. Therefore, his period of detention was a probation term and not time served.

We affirm.

SHARPNACK, C.J., and BARTEAU, J., concur.