Tommie C. PURCELL, Jr.,
Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 86A03–9801–CR–29.

Court of Appeals of Indiana.

Oct. 23, 1998.

Charles R. Deets, J. Michael Lohorn, Heide Sandy Deets & Kennedy, Lafayette, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, James A. Garrard, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

STATON, Judge.

Tommie C. Purcell, Jr. appeals the trial court's denial of his Motion to Correct Erroneous Sentence and for Time Served Credit. Purcell presents one issue for our review, which we restate as: whether the trial court erred by ordering Purcell to serve his full three year sentence and by not deducting the time Purcell had already served in a community corrections program.

We reverse and remand with instructions.

In 1995, Purcell pled guilty to Driving While Suspended as an Habitual Traffic Offender[1] and was sentenced to three years, to be served by way of direct commitment to the West Central Indiana Community Correction program.[2] Purcell was to serve his sentence through electronically-monitored home detention. Six hundred and ninety days into his three year sentence, Purcell violated the terms of his community corrections placement when he was arrested for public intoxication. On November 3, 1997,

---

1. IND.CODE § 9–30–10–16 (1993).

2. At Purcell's original sentencing, the trial court found that his three year sentence was non-suspendable, based on the fact that he was on probation for another offense at the time the sentence was imposed.

the trial court revoked Purcell's placement in the program and ordered his original three year sentence to be served in the Indiana Department of Correction. The trial court did not grant Purcell time-served credit for the 690 days he had spent in home detention. Purcell filed a Motion to Correct Erroneous Sentence and for Time Served Credit, asking that the court credit him with 690 days. The trial court denied that motion. Purcell appeals.

■ Placement in a community corrections program is a "matter of grace" and a "conditional liberty that is a favor, not a right." *Million v. State,* 646 N.E.2d 998, 1002 (Ind. Ct.App.1995). When Purcell violated the terms of his placement, the court had the option to "[r]evoke the placement and commit [Purcell] to the department of correction for the *remainder* of [his] sentence." IND. CODE § 35–38–2.6–5(3) (1993) (emphasis added). Upon revocation of Purcell's placement, the trial judge refused to credit Purcell with any of the time he had served, based on IND.CODE § 35–38–2.6–6(a) (Supp.1997), which provides, in part, that "a person who is placed in a community corrections program under this chapter is entitled to earn credit time under IC 35–50–6 unless the person is placed in the person's home."

■ Purcell argues, and we agree, that the trial judge erred when he ordered Purcell to serve his entire three year sentence upon his violation of the community corrections placement. The community corrections statute clearly states that after revocation of the placement, the violator must serve only the "remainder" of his sentence. IC 35–38–2.6–5(3).[3] The code section on which the trial judge relied, although it provides that no "credit time" is available for those serving time in home detention, does not preclude giving credit for time served. IC 35–38–2.6–6(a). The confusion in this particular situation arises in the difference between credit

for time served and credit time, commonly referred to as "good time" credit.[4]

Credit time, referred to in IC 35–38–2.6–6 and detailed in IC 35–50–6–3, is not defined in the code. However, this court has defined credit time as "a statutory reward for a lack of conduct that is in violation of institutional rules." *State v. Mullins,* 647 N.E.2d 676, 678 (Ind.Ct.App.1995). "Credit time is based upon the behavior of the prisoner. Receipt of credit is conditional upon continued good behavior and may be revoked." *Id.* (citing IC 35–50–6–4). This definition indicates that credit time is time in addition to that actually served, or good time credit.

Furthermore, a plain reading of IC 35–50–6–3 makes clear the distinction between credit time and credit for time served. That statute assigns prisoners to "classes" for which credit time is earned. Class I "earns one (1) day of credit time for each day he is imprisoned for a crime or confined awaiting trial or sentencing." *Id.* Class II "earns one (1) day of credit time for every two (2) days he is imprisoned ..." *Id.* From this language, it is clear that credit time means time in addition to that actually served. If not, then those prisoners in Class II would have to serve double the time to which they were sentenced in order to complete their sentences, as they receive only one day of credit for every two days served. Therefore, the "credit time" referred to by IC 35–38–2.6–6(a), and denied to those serving time in home detention, is merely good time credit.

The State contends that IC 35–38–2.6–6(a) denies home detainees credit of any kind and, therefore, precludes Purcell from getting credit for the 690 days he has already served. The State relies on *Franklin v. State,* in which the Indiana Supreme Court held that pre-trial home detainees are not entitled to credit time for the days they spend detained while awaiting trial. 685 N.E.2d 1062 (Ind.1997).[5] The court based its

---

3. *See also Gardner v. State,* 678 N.E.2d 398, 401 (Ind.Ct.App.1997) (recognizing that the community corrections program is "a hybrid punishment involving a suspended sentence which may be revoked, yet requires the defendant receive credit for time served.").

4. Prior to 1977, IC 35–50–6–3 used the phrase "good time" in place of what is now "credit time."

5. The State cites several other cases to support its theory that Purcell should receive no credit for the time he served in home detention in the community corrections program. *See Wharff v.*

holding on IC 35–38–2.6–6(a), reasoning that if post-conviction home detainees are denied credit time, the same should hold true for pre-conviction home detainees. *Id.* at 1064. The court went on to deny the pre-trial detainee any credit for the time he had spent in home detention. *Id.*

We do not find the *Franklin* decision to be controlling precedent in this case. The issue in *Franklin* was whether a pre-trial home detainee was entitled to credit time. The court found that pre-trial home detention was analogous to community corrections home detention, and denied "good time" credit to the pre-trial detainee. To this extent, we agree with the holding of *Franklin.* However, the *Franklin* court also denied the detainee any credit for the time he had served; in so doing, the court failed to make the important distinction between credit time and credit for time served. If the court had read IC 35–38–2.6–6(a) in its proper context, it would have discovered that the community corrections statutory scheme gives home detainees credit for time served, while denying only the "credit time" provided by IC 35–50–6–3. Because the *Franklin* court was deciding the limited question of whether pre-trial home detainees are entitled to credit time, it examined only one section of the community corrections statutory scheme, out of context, and it failed to note the difference between credit for time served and credit time. The difference in these two types of credit time is at issue in this case; therefore, we cannot look to *Franklin* for guidance.

Under IC 35–38–2.6–6(a), "credit time," or good time credit, is not available to Purcell due to the fact that he served his sentence in the community corrections program through home detention. However, this does not take away his right to be credited for the time he actually served. The relevant provision of the community corrections statute provides that upon violation of the placement terms, the placement should be revoked and the *remainder* of the sentence should be ordered served. IC 35–38–2.6–5(3). This section, unlike IC 35–38–2.6–6(a) does not differentiate between home detention and other types of community corrections placements. Therefore, Purcell is entitled to credit for the 690 days he has already served in home detention through the community corrections program.

Reversed and remanded with instructions to deduct the time already served from Purcell's three year sentence.[6]

KIRSCH and ROBB, JJ., concur.

*State,* 691 N.E.2d 205 (Ind.Ct.App.1998), *trans. denied; Collins v. State,* 639 N.E.2d 653 (Ind.Ct. App.1994), *trans. denied; Barton v. State,* 598 N.E.2d 623 (Ind.Ct.App.1992); *Burton v. State,* 547 N.E.2d 882 (Ind.Ct.App.1989). However, none of the cited cases makes the distinction between "credit time" and "credit for time served." Moreover, all of these cases deal with probation revocation and, thus, are not governed by the community corrections statutes.

6. At his community corrections revocation hearing, Purcell was given twelve days of credit for time served, plus "good time" credit thereon, for the days he was incarcerated prior to his original sentencing and after his arrest for public intoxication. Thus, the credit already given, in addition to the 690 days served in the community corrections program, should be deducted from his three year sentence.