Christopher A. KUHFAHL,
Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 3A01–9805–CR–185.

Court of Appeals of Indiana.

May 6, 1999.

Gregory E. Long, Public Defender, Bartholomew Circuit Court, Columbus, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General Of Indiana, Teresa Dashiell Giller, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

GARRARD, Judge

### Case Summary

Christopher Kuhfahl was found guilty of theft and was sentenced to a three year suspended sentence and placed on probation. As a condition of probation, Kuhfahl was placed in a work release program. Some time later, Kuhfahl attempted to enter a courthouse while carrying a knife, in violation of the terms of his probation. The trial court revoked Kuhfahl's probation and ordered his sentence executed. Kuhfahl appeals and we affirm.

### Issues

I. Whether the evidence was sufficient to revoke Kuhfahl's probation.

II. Whether the trial court properly denied Kuhfahl credit time for pre-trial home detention.

III. Whether the trial court properly denied Kuhfahl credit time for time

spent on work release as a condition of probation.

### Facts and Procedural History

On November 3, 1997, Kuhfahl pled guilty to theft, a Class D felony. The trial court sentenced Kuhfahl to three years, but suspended the sentence and placed him on probation for three years. As a condition of probation, the court placed Kuhfahl in a work release program for the first year of his probation, to be followed by a year of home detention. At sentencing, the trial court ordered Kuhfahl to "refrain from possessing a firearm, destructive device or other dangerous weapon" as a condition of his probation. Approximately one month after sentencing, Kuhfahl entered the courthouse carrying a knife. Kuhfahl's probation officer filed a petition to revoke Kuhfahl's probation. The trial court revoked the probation and sentenced Kuhfahl to his suspended time. The court also gave Kuhfahl 122 days credit for time served in jail, but denied Kuhfahl credit for time spent on pretrial home detention and on the work release portion of his sentence.

### Discussion and Decision

*I. Sufficiency of the Evidence on Probation Revocation*

 A probation revocation hearing is in the nature of a civil proceeding and, therefore, need only be proven by a preponderance of the evidence. *King v. State,* 642 N.E.2d 1389, 1393 (Ind.Ct.App.1994). This court will neither reweigh the evidence nor judge the credibility of the witnesses. Rather, we look to the evidence most favorable to the State. If there is substantial evidence of probative value to support the trial court's decision that the probationer is guilty of a violation, revocation is appropriate. *Morgan v. State,* 691 N.E.2d 466, 468 (Ind.Ct.App. 1998).

Here, Kuhfahl does not dispute the fact that he was carrying a knife. Rather, he argues that the knife possessed should not be considered a deadly weapon because he did not intend to use it as such. Instead, he claims, he was using it in his employment as a maintenance worker and had forgotten to remove it from his person before going to the courthouse to pay fines. While Kuhfahl is correct in asserting that "whether an object is or is not dangerous or a deadly weapon depends upon the manner in which it is used," *Dobbs v. State,* 433 N.E.2d 848, 851–52 (Ind.Ct.App.1982), the inquiry here is not whether Kuhfahl's knife was a deadly weapon, but whether his possession of it violated the terms of his probation. We conclude that it did.

 At Kuhfahl's sentencing hearing, he was informed that, as a condition of his probation, he was to "refrain from *possessing* a firearm, destructive device or other dangerous weapon." Record at 10 (emphasis added). There is no dispute that Kuhfahl was found in possession of a knife with a blade about four inches long, which can be considered a destructive device or a dangerous weapon. Therefore, the evidence is sufficient to support the trial court's decision to revoke Kuhfahl's probation. Kuhfahl argues that he was carrying the knife for work, not to harm anyone. In asking us to adopt this argument, however, Kuhfahl essentially asks us to reweigh the evidence and his credibility, which we decline to do on appeal.

*II. Credit Time*

*A. Pre-trial Home Detention*

 Kuhfahl first argues that the trial court erred by failing to credit him with time served on pre-trial home detention. We disagree. Under Indiana Code Section 35–50–6–3, a person may earn one day of credit time for each day he is imprisoned for a crime or confined awaiting trial or sentencing. However, our supreme court has recently held that a defendant in pre-trial home detention is not entitled to credit for time spent in home detention. *Franklin v. State,* 685 N.E.2d 1062, 1064 (Ind.1997). Therefore, the trial court did not err in denying Kuhfahl credit for time spent in pre-trial home detention.

*B. Post-conviction Community Corrections Program*

Kuhfahl also asserts that the trial court erred in denying him credit for time spent in

a post-conviction work release community corrections program as a condition of his probation. Indiana Code Section 35–38–2.6–3 authorizes the trial court to place an offender in a community corrections program, which may be a program consisting of residential and work release, electronic monitoring, or day reporting. A person who is placed in a community corrections program is entitled to earn credit time under Indiana Code Section 35–50–6 *unless the person is placed in the person's home.* IND.CODE § 35–38–2.6–6(a) (emphasis added).[1] Kuhfahl concedes that he is not entitled to credit time under Indiana Code Section 35–50–6, but asserts that he is still entitled to earn credit for time served in the work release program.

Kuhfahl's argument asks us to draw a distinction between "credit time" and "credit for time served" on his sentence. In determining whether Kuhfahl is entitled to credit for time served, we find *Wharff v. State,* 691 N.E.2d 205 (Ind.Ct.App.1998), *trans. denied,* instructive. In *Wharff,* the defendant Wharff pled guilty to burglary. The trial court sentenced him to five years, with the sentence suspended. Wharff was placed on probation for five years and, as a condition of probation, was placed on electronically monitored home detention. After a subsequent arrest, Wharff's probation was revoked and he was ordered to serve his five year sentence less the time that he had spent in jail before sentencing. *Wharff,* 691 N.E.2d at 205. Wharff argued that the trial court erred in denying him credit for the time served on home detention. While conceding that Indiana Code Section 35–38–2.6–6 precluded "good time" credit, Wharff asserted that he was entitled to receive credit for the actual time served. *Id.* at 206.

The *Wharff* court disagreed and held that Wharff was not entitled to credit for time served on home detention. In so holding, the court stated,

> we cannot agree that home detention as a condition of probation constitutes "time served." The 1993 judgment of conviction

ordered Wharff's five year sentence "suspended and that defendant be placed on probation for a period of 5 years on the terms and conditions as set forth by the court." One of those conditions was that Wharff be on electronic home detention for 180 days. Therefore, his period of detention was a probation term and not time served.

*Id.*

In support of his argument, Kuhfahl relies on *Purcell v. State,* 700 N.E.2d 815 (Ind.Ct. App.1998), *trans. pending.* In *Purcell,* the defendant Purcell pled guilty to driving while suspended as an habitual traffic offender and was sentenced to three years, to be served by way of direct commitment to a community corrections program. *Purcell,* 700 N.E.2d at 815. Purcell served his sentence through electronically-monitored home detention. Purcell later violated the terms of his probation and his probation was subsequently revoked. The trial court ordered his original three year sentence to be served and did not grant Purcell credit time for the days he had spent in home detention. *Id.* at 816. Purcell appealed.

Another panel of this court reversed the trial court's decision and held that Purcell was entitled to earn credit for the time he had served on his sentence. In so holding, the court stated:

> Under IC 35–38–2.6–6(a), "credit time," or good time credit, is not available to Purcell due to the fact that he served his sentence in the community corrections program through home detention. However, this does not take away his right to be credited for the time he actually served. The relevant provision of the community corrections statute provides that upon violation of the placement terms, the placement should be revoked and the *remainder* of the sentence should be ordered served. IC 35–38–2.6–5(3). This section, unlike IC 35–38–2.6–6(a) does not differentiate between home detention and other types of community corrections placements. Therefore, Purcell is entitled to credit for

---

**1.** Additionally, Indiana Code Section 35–50–6–6(a) states that a person does not earn credit

time while on parole or probation.

the 690 days he has already served in home detention through the community corrections program.

*Id.* at 817.

In the instant case, Kuhfahl was sentenced to three years; however, the entire sentence was suspended. He was then placed on probation for a period of three years upon the following terms of conditions:

9. That he serve the entire first year of probation on the work release program through the Bartholomew County Jail; and

10. That he serve the next year of probation on home detention upon the following additional terms and conditions:

A. The defendant is confined to his home at all times....

....

C. The defendant is required to abide by a schedule prepared by the community corrections program ordered to provide supervision of home detention, specifically setting forth the times when the defendant may be absent from his home and the locations the defendant is allowed to be during the scheduled absences....

Record at 10–11.

 The record indicates that, during his first month on probation, when he was serving in a work release program, Kuhfahl lived at home, but reported to the Community Corrections Department of Bartholomew County and to a "house arrest officer." Record at 127, 130, 132. We believe that the relevant inquiry in determining whether a defendant is entitled to credit for time served is whether the defendant actually served any part of his sentence; that is, whether he was actually "confined" for some period. In *Franklin,* our supreme court determined that the relevant inquiry was whether a defendant was "confined" for purposes of calculating the accumulation of credit time under Indiana Code Section 35–50–6. The court explicitly stated that "if Franklin were serving time on home detention as part of a community corrections program, he would not be eligible for credit time." *Franklin,* 685 N.E.2d at 1064. Although the *Franklin* decision was limited to calculating

credit time under this statute, we believe it provides guidance here as well. Here, Kuhfahl's sentenced was suspended, and rather than serving time confined in the Department of Correction, he was granted probation and allowed to return home, albeit under strict supervision. Because Kuhfahl's sentence was suspended and he received home detention as a condition of his probation, Kuhfahl was never confined and, therefore, did not "serve time." Thus, the trial court did not err in denying Kuhfahl credit for time served.

Affirmed.

NAJAM, J. concurs.

KIRSCH, J. concurs and part and dissents in part and files separate opinion.

KIRSCH, Judge, *concurring in part and dissenting part.*

I fully concur in the decision of the majority that the evidence was sufficient to revoke probation and that the trial court properly denied credit time for pre-trial home detention. From the decision that the trial court properly denied credit time for time spent on work release as a condition of probation, however, I respectfully dissent for the reasons set forth in *Purcell v. State,* 700 N.E.2d 815 (Ind.Ct.App.1998).