**Tommie C. PURCELL, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

**No. 86S03–9912–CR–705.**

Supreme Court of Indiana.

Dec. 27, 1999.

---

Charles R. Deets, Heide Sandy Deets & Kennedy, Lafayette, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, James A. Garrard, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

**ON PETITION TO TRANSFER**

SULLIVAN, Justice.

Defendant Tommie Purcell was sentenced to three years. Rather than send him to prison, the trial court placed him on home detention under the supervision of a community corrections program. After 690 days, the home detention placement was revoked and he was committed to the Department of Correction. We hold, as did the Court of Appeals, that he is entitled to 690 days credit for time actually served toward the three-year sentence.

### Background

Following his arrest on February 28, 1995, Defendant Tommie C. Purcell was sentenced to a term of three years when he pled guilty to Driving While Suspended as a Habitual Traffic Violator,[1] a Class D felony.[2] The trial court placed Defendant in a community corrections program and ordered him to serve his sentence through electronically monitored home detention. After having served 690 days of his sentence at home, Defendant violated the terms of the program by consuming alcohol and committing the additional crime of public intoxication.

On November 3, 1997, the trial court revoked Defendant's placement in the home detention program and ordered him to serve his full, original three-year sentence incarcerated through the Indiana Department of Correction. The court credited Defendant eighteen days for pretrial time served and good time, but did not credit him 690 days for time actually served in home detention.

Defendant appealed, claiming the trial court erred when it ordered him to serve his full, original three-year sentence in jail and denied his Motion to Correct Erroneous Sentence and for Time Served Credit. The Court of Appeals reversed, holding that Defendant was entitled to credit on his original sentence for time served in home detention. *Purcell v. State,* 700 N.E.2d 815, 817 (Ind.Ct.App.1998).

We now grant transfer, thereby vacating the opinion of the Court of Appeals pursuant to Ind. Appellate Rule 11(B)(3). However, we agree with the Court of Appeals's result and reverse the trial court's sentencing decision.

### Discussion

■ As Judge Staton points out in his opinion for the Court of Appeals, the issue presented in this case requires us to distinguish between (1) the credit toward the sentence a prisoner receives for time actually served, and (2) the additional credit a prisoner receives for good behavior and educational attainment.[3] For purposes of this opinion, we refer to the former as "credit for time served" and the latter as "good time credit."

This distinction plays itself out in the present case in the following way. As noted, Defendant was sentenced to three years and ordered to serve that time on home detention pursuant to a community corrections placement.[4] Ind.Code § 35–38–2.6–6(a) (Supp.1994) provides in relevant part: "A person who is placed in a community corrections program under this chapter is entitled to earn credit time under Ind.Code § 35–50–6 unless the person is placed in the person's home." It is clear that because Defendant was placed in his own home, he did not "earn credit time under Ind.Code § 35–50–6" during the 690 days he spent on home detention. But what is meant by "credit time" in this context?

The trial court concluded (and the State argues in this appeal) that credit time means credit for time served. Under this reading, Defendant, because he was placed in his own home, was not entitled to any

1. Ind.Code § 9–30–10–16 (1993).

2. Because Purcell committed this last offense on February 28, 1995, the sentencing and credit time statutes applicable here are those that were in force on February 28, 1995. *See Smith v. State,* 675 N.E.2d 693, 695 (Ind. 1996).

3. Prior to the criminal code revision in 1976 and 1977, Indiana statutes referred to the credit for good behavior as "good time" credit. *Purcell,* 700 N.E.2d at 816 n. 4.

4. We express no opinion as to the application of credit for time served or good time credit in any context other than where a court orders a defendant to serve his sentence pursuant to a community corrections placement under Ind.Code § 35–38–2.6–3. *Cf. Wharff v. State,* 691 N.E.2d 205, 206 (Ind.Ct.App.1998) (denying defendant's request for credit for time served while on probation).

credit toward his three-year sentence for the 690 days served on home detention.

Defendant contends (and the Court of Appeals agreed) that "credit time" means good time credit, not credit for time served. Under this reading, Defendant, because he was placed in his own home, was not entitled to the additional days of credit time for each day served on good behavior. But he was entitled to 690 days credit toward his three-year sentence for the time he actually served.

■ We agree with Defendant's and the Court of Appeals's reading. Ind.Code § 35–38–2.6–6 deprives the offender serving time on home detention of the ability to "earn credit time under *Ind.Code § 35–50–6*" (emphasis supplied). Ind.Code § 35–50–6 sets forth the procedures for earning good time credit; it does not address credit for time served. Thus we conclude that Ind.Code § 35–38–2.6–6 does not restrict the ability of an offender in home detention to earn credit for time served.

We believe the legislature's intent is made clear by its language in Ind.Code § 35–38–2.6–5 (1993): "If a person who is placed [in a community corrections program] violates the terms of the placement, the court may ... [r]evoke the placement and commit the person to the department of correction for the *remainder* of the person's sentence" (emphasis supplied). If an offender was not entitled to credit for time served, the commitment after revocation would not be for the "remainder" of the offender's sentence but for the entire sentence.

In reaching this conclusion, we find it necessary to address two propositions that appear to cut in the opposite direction.

■ The first proposition relates to the "suspended sentence" language in Ind. Code § 35–38–2.6–4 (1993). That section provides: "If the court places a person in a community corrections program under this chapter, the court shall suspend the sentence for a fixed period to end not later than the date the suspended sentence expires." This language can be read to mean that when a community corrections placement is made, the sentence is held in abeyance and no time accrues toward it. But we believe such a reading would be in conflict with the reference in Ind.Code § 35–38–2.6–6 to Ind.Code § 35–50–6 (providing good time credit for community corrections placements other than those in home detention) and the reference to "remainder" in Ind.Code § 35–38–2.6–5(3). Where two or more statutes contradict each other or are in apparent conflict, we attempt to construe them in a manner which reasonably brings them into harmony. *Quakenbush v. Lackey,* 622 N.E.2d 1284, 1290 (Ind.1993). In order to harmonize it with those two references, we believe the legislature's reference to a "suspended sentence" in this context means that any requirement that the offender actually serve time incarcerated through the Department of Correction (commonly referred to as "executed time") is suspended during the community corrections placement period.

■ The second proposition relates to our decision in *Franklin v. State,* 685 N.E.2d 1062 (Ind.1997). There we held that a defendant was not entitled to credit toward the defendant's sentence for time actually served on *pre-trial* home detention. We were wrong (for the reasons set forth above) to cite Ind.Code § 35–38–2.6–6 as supporting that conclusion.[5] To the

5. *Franklin v. State,* 685 N.E.2d 1062, 1064 (Ind.), *aff'g* 679 N.E.2d 510 (Ind.Ct.App. 1997), and *Capes v. State,* 634 N.E.2d 1334 (Ind.1994), *rev'g* 615 N.E.2d 450 (Ind.Ct.App. 1993) (overruled by *Franklin* ), examined the entitlement of a defendant to credit for time served in *pre-trial* home detention. None of the four opinions in these two cases made the

distinction Judge Staton called to our attention here—the distinction between credit for time served and good time credit. In fact, even though credit for time served was at issue, each of the four opinions analyzed the respective defendant's claims instead as being for good time credit. Consequently, their language—and particularly that of the *Franklin*

extent that *Franklin* holds that Ind.Code § 35–38–2.6–6 prohibits an offender sentenced to home detention under a community corrections program from earning credit for time served, it is overruled.[6]

### Conclusion

We grant transfer, vacate the opinion of the Court of Appeals, and remand with instructions that the trial court credit toward Defendant's 1995 three-year sentence the 690 days Defendant actually served in home detention.

SHEPARD, C.J., and DICKSON, BOEHM, and RUCKER, JJ., concur.

opinions—incorrectly suggested that the rules that actually apply to good time credit apply instead to credit for time served.

6. We recognize that this conclusion casts doubt on the continued viability of the holding in *Franklin* itself, to wit, that *pre-trial* time served on home detention does not count as credit toward a sentence subsequently imposed. Although not directly before us today, we have revisited the question and conclude that a trial court is within its discretion to deny a defendant credit toward sentence for pre-trial time served on home detention. Absent legislative direction, we believe that a defendant is only entitled to credit toward sentence for pre-trial time served in a prison, jail or other facility which imposes substantially similar restrictions upon personal liberty. In this regard, we return to and adopt Judge Sullivan's conclusion in his *Capes* opinion, 615 N.E.2d at 455 (which we originally disapproved in our *Capes* opinion, 634 N.E.2d 1334).