**Roger D. DISHROON, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 55A01–9906–CR–201.**

Court of Appeals of Indiana.

Jan. 24, 2000.

William Van Der Pol, Jr., Martinsville, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Barbara Gasper Hines, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

ROBB, Judge

### Case Summary

Roger Dishroon was found to have violated the terms of his probation and was ordered incarcerated for six years, the entire balance of his previously suspended sentence. Dishroon appeals the trial court's determination of his credit for time served. We reverse and remand with instructions.

### Issue

Dishroon raises one issue for our review which we restate as whether the trial court erred in computing his credit time by failing to give him credit for the time he served in home detention.

### Facts and Procedural History

In 1993, Dishroon entered a plea of guilty to burglary, a Class B felony.[1] Pursuant to the plea agreement, Dishroon was sentenced to the Indiana Department of Correction for six years, all suspended except for 484 days.[2] As a part of the sentencing order, Dishroon was ordered to be placed on home detention once the 484 days were served. Although specifically noted on the sentencing order, Dishroon's home detention was actually a condition of his probation. Dishroon was on home detention from June 1, 1993 until December 16, 1993.

In July of 1996, the trial court found that Dishroon had violated his probation and ordered that 844 days of his previously suspended sentence be executed.[3] In May of 1999, Dishroon was again found to have violated his probation. The trial court ordered the remainder of the original six year sentence to be executed, and gave Dishroon 686 days credit for time actually served and an additional 686 days good time credit.[4] The trial court did not include the time that Dishroon spent on home detention as either credit for time actually served or good time credit. He now appeals.

---

1. Dishroon was also charged with theft, a Class D felony; however, that count was dismissed.

2. Dishroon was granted 151 days credit for time actually served and 151 days Class I credit time for the time he was incarcerated prior to the date of sentencing. "A person assigned to Class I earns one (1) day of credit time for each day he is imprisoned for a crime or confined awaiting trial or sentencing." Ind.Code § 35–50–6–3(a). In order to more clearly differentiate between "credit for time served" and "credit time," we will hereafter refer to "credit time" as "good time credit."

3. At this time, Dishroon received credit for 38 days actually served prior to the probation revocation and 38 days good time credit as well.

4. These figures include credit for the 22 days Dishroon actually served prior to the second probation revocation and 22 days good time credit.

*Discussion and Decision*

The trial court calculated Dishroon's credit for time actually served by adding the 242 days Dishroon served originally, plus the 422 days he served for violating his probation the first time, plus an additional 22 days that he served prior to his second probation revocation for a total of 686 days. The trial court also gave Dishroon 686 days of good time credit. Dishroon argues that he should be given credit for the time he actually served in home detention plus good time credit for that period. Although, as we will discuss below, Dishroon is not entitled to good time credit for time served in home detention, the trial court erred by not including the 198 days that he actually served in home detention in its computation of the credit to which Dishroon was entitled.

### I. History/Terminology Confusion

Historically, the difference between credit for time actually served and good time credit has created confusion. Until 1977, the statute defining the credit to which a defendant was entitled in addition to the days actually spent in confinement referred to that credit as "good time." In 1977, the legislature replaced the word "good" in the statute with the word "credit." Since that time, this court has struggled with interpretation of where and when a defendant receives credit for time actually served and when a defendant also receives good time credit.

In *Wharff v. State,* 691 N.E.2d 205 (Ind. Ct.App.1998), *trans. denied,* Wharff argued that "the distinction between the statutory term 'credit time' and the 'concept of credit for time served' has been blurred...." *Id.* at 206. Wharff was sentenced to five years after pleading guilty to burglary. *Id.* at 205. His sentence was suspended, but he was placed on probation for five years, the first 180 days of which he was to be on electronically monitored home detention. *Id.* When Wharff's probation was revoked, the trial court determined that he was not entitled to credit for the time he served in electronic home monitoring. *Id.* We correctly noted that Indiana Code section 35–50–6–6(a) does not allow a defendant to earn good time credit while on probation when we stated that "we have consistently and unambiguously held that a person placed on home detention as a condition of probation is not entitled to [good time] credit...." *Id.* at 206. We agree with this general proposition. However, the court further noted that Wharff did not cite any statutory mandate to support his argument that he should receive credit for time actually served. Thus, the court concluded, "we cannot agree that home detention as a condition of probation constitutes 'time served.'" *Id.*

In *Kuhfahl v. State,* 710 N.E.2d 200 (Ind.Ct.App.1999), we held that "in determining whether a defendant is entitled to credit for time [actually] served [the relevant inquiry] is whether the defendant actually served any part of his sentence; that is, whether he was actually 'confined' for some period." *Id.* at 203. Because Kuhfahl's sentence was suspended and was not being served in the Department of Correction and because his home detention was a condition of his probation, we concluded that "Kuhfahl was never confined and, therefore, did not 'serve time.'" *Id.* Thus, we held that Kuhfahl was not entitled to credit for the time he actually served on home detention.

The Indiana Supreme Court recently addressed this issue in *Purcell v. State,* 721 N.E.2d 220 (Ind.1999). In *Purcell,* it was determined that "credit time," as used in Indiana statutes, "means good time credit, not credit for time served." 721 N.E.2d at 223. The court noted that its decision in *Franklin v. State,* 685 N.E.2d 1062 (Ind. 1997), was wrong "[t]o the extent that [it] h[e]ld that Ind.Code 35–38–2.6–6 prohibits an offender sentenced to home detention under a community corrections program from earning credit for time served...." *Purcell,* 721 N.E.2d at 223–224. This decision has now clarified the confusion created by the use of the term "credit time."

Because our prior decisions have blurred this distinction between credit for time actually served and credit time (or good time credit) and because of the recent decision in *Purcell*, we must now disagree with our prior decisions in *Wharff* and *Kuhfahl*.[5]

## II. A Day for a Day

Although *Purcell* has now clarified the meaning of 'credit time,' we provide the following discussion for further explanation.

Indiana Code section 35–50–6–6 reads as follows:

> A person imprisoned for a crime earns *credit time* [which we refer to as "good time credit"] irrespective of the degree of security to which he is assigned. However, a person does not earn *credit time* while on parole or probation.

Ind.Code § 35–50–6–6(a) (emphasis added).

> A person imprisoned upon revocation of parole is initially assigned to the same *credit time* class to which he was assigned at the time he was released on parole.

Ind.Code § 35–50–6–6(b) (emphasis added).

 Thus, when the words "credit time" appear in a statute, the legislature is referring to good time credit. The rate at which good time credit is accrued depends upon the credit time class to which a defendant has been assigned.[6] Therefore, the State is correct that Dishroon is not entitled to good time credit for the time he served in home detention while on proba-

tion. However, Dishroon was restricted of his liberty while in home detention, and thus, regardless of whether home detention was a condition of probation or a part of his ordered sentence, he is entitled to one day credit for each day that he actually served on home detention.

*Purcell* addressed a situation similar to that now before us, although the time served through home detention in *Purcell* involved a community corrections program and was not a condition of probation. 721 N.E.2d at 221–222. In *Purcell*, it was held that *good time credit* is not available to a defendant who is serving his sentence in a community corrections program through home detention. *Id.* at 223. However, Purcell was entitled to be credited for the time that he *actually served*. *Id.*

The Supreme Court reasoned:

> Ind.Code § 35–38–2.6–6 deprives the offender serving time on home detention of the ability to 'earn credit time under *Ind Code §35–50–6*.' Ind.Code § 35–50–6 sets forth the procedures for earning good time credit; it does not address credit for time served. Thus we conclude that Ind.Code § 35–38–2.6–6 does not restrict the ability of an offender in home detention to earn credit for time served. (emphasis in original).

*Id.*

Regardless of whether the time served in home detention was a condition of probation, as in the instant case, or was the result of a community corrections placement, as in *Purcell*, the fact still remains

---

5. We note that there are additional cases addressing the issue of credit for time actually served and good time credit. *See Jones v. State,* 689 N.E.2d 759, 762 (Ind.Ct.App.1997) (holding that the trial court did not err in denying Jones credit for time actually served in home detention and stating, "[a] person does not earn [good time] credit ... while on probation."); *Collins v. State,* 639 N.E.2d 653, 655 (Ind.Ct.App.1994), *trans. denied* (holding that defendant was not entitled to credit for time actually served on electronically monitored home detention because "[i]t is provided by statute that 'a person does not

earn [good time] credit ... while on parole or probation ....' " and because *Barton v. State,* 598 N.E.2d 623 (Ind.Ct.App.1992), held that denial of credit for time actually served on electronically monitored home detention did not constitute cruel and unusual punishment.)

6. Credit time is divided into three classes. Ind.Code § 35–50–6–3. Dishroon was assigned to Class I, wherein he would earn one day good time credit for each day he actually served.

that although the statutes involved provide that the defendant is not entitled to good time credit, they do not preclude giving credit for time actually served. Thus, as *Purcell* holds, "Ind.Code § 35–38–2.6–6 does not restrict the ability of an offender in home detention to earn credit for time served." *Id.*

This case is similar to *Purcell*. Dishroon, like Purcell, was serving time through home detention. For purposes of determining time served, the fact that Purcell was placed in a community corrections program and Dishroon was in home detention as a condition of probation is irrelevant. Both individuals were in home detention. Further, although a defendant is serving time at home, he or she is still being restricted of his or her liberty. Here, Dishroon was not a free man from June 1, 1993 until December 16, 1993; he was serving time through home detention. Thus, although he is not entitled to good time credit for the time he served in home detention, he does have the right to be credited for the time he actually served, 198 days. Thus, Dishroon's gross time served as of May 24, 1999, the date of his most recent probation revocation, was 1,570 days.[7]

The State argues that Dishroon is not entitled to good time credit because the order of home detention was a condition of probation. Certainly, the State is correct that "a person does not earn [good time] credit … while on parole or probation," Ind.Code § 35–50–6–6(a), and we agree that Dishroon was on probation while he was serving time through home detention. Although the State is correct that Dishroon is not entitled to good time credit, he is entitled to the credit for time he actually served. *See Purcell,* 721 N.E.2d at 223–224.

## Conclusion

We hold that the trial court erred in denying Dishroon credit for the time he actually served in home detention. There-

fore, we reverse and remand with instructions for the trial court to recalculate Dishroon's credit, including the 198 actual days he served though home detention.

Reversed and remanded.

BROOK, J., and NAJAM, J., concur.

---

7. The 1,570 day total is reached by adding 686 days actually served, plus 686 days good time, plus 198 days served through home detention.