**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 16 2013, 7:03 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JAMES A. SHOAF**
Columbus, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MELVIN LEE HAYES, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 03A05-1212-CR-630 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE BARTHOLOMEW SUPERIOR COURT
The Honorable Chris D. Monroe, Judge
Cause Nos. 03D01-1102-FD-871 & 03D01-1102-FD-794

**July 16, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

The trial court revoked Melvin Hayes' probation, and Hayes now appeals arguing that the trial court failed to provide a written statement giving the reasons for revoking his probation and that the court did not give him enough credit time. The State cross-appeals arguing that the trial court gave Hayes too much credit time. We find that the writing requirement was met in this case because the trial court placed the transcript of the evidentiary hearing in the record, and the transcript contains a clear statement of the court's reasons for revoking Hayes' probation. However, because we find problems with Hayes' credit time, we remand this case to the trial court.

**Facts and Procedural History**

In June 2011, Hayes pled guilty in three separate cause numbers to Class D felony possession of a controlled substance in Cause No. 03D01-1101-FD-396 ("FD-396"), Class D felony possession of methamphetamine in Cause No. 03D01-1102-FD-794 ("FD-794"), and Class D felony theft in Cause No. 03D01-1102-FD-871 ("FD-871"). The court sentenced Hayes to three consecutive one-and-a-half-year sentences, all suspended, placed him with community corrections for the duration of probation (42 months), and credited him with 356 credit days for 178 actual jail days served. Tr. p. 39-54. All of the credit days were applied to Cause No. FD-396. Appellant's App. p. 39. The trial court ordered Hayes to report to Bartholomew County Community Corrections ("BCCC") while on probation. Following the sentencing hearing, Hayes was transported to Jennings County Jail, on a separate criminal matter, and released in October 2011.

Upon his release from jail, Hayes failed to report to BCCC, and the probation department filed a verified petition to revoke probation in all three cause numbers. On March 14, 2012, the trial court conducted a combined evidentiary hearing in all three cause numbers at which Hayes admitted that he violated probation by failing to report to BCCC after his release from jail. The court terminated Hayes from probation in Cause No. FD-396 and credited him with 554 credit days for 277 actual jail days served. *Id*. at 33. He was "released from incarceration" in this case. *Id*. However, the court returned Hayes to probation "after release from Jennings County" in Cause Nos. FD-794 and FD-871 under the same conditions as before and credited him in Cause No. FD-794 with 38 credit days for 19 actual jail days served through detention before the evidentiary hearing: February 25, 2012, through March 14, 2012. *Id*. at 31-32.

In June 2012, the probation department filed a second verified petition to revoke Hayes' probation in Cause Nos. FD-794 and FD-871, alleging that he had unpaid fees and that he had received an incident report while in the work-release program for "having contraband on his person." *Id*. at 27-30.

In November 2012, the trial court held an evidentiary hearing on the allegations set forth in the June verified petition to revoke probation. The State presented evidence that Hayes violated the conditions of his probation in June 2012 during his time as a work-release participant when officers found contraband on his person. Rob Gaskill, the Director of Residential Services for Bartholomew County Court Services, testified that "K-spice" synthetic marijuana was found in a trashcan that only Hayes had access to at the time of the incident. Tr. p. 9. Officer Beth Cordes, a Residential Officer with

3

Community Corrections, testified that she observed Hayes enter the bathroom area without permission and throw something into the trashcan. *Id*. at 17-19. She also testified that Officer Stanley Franke, another officer in Community Corrections, found the synthetic marijuana on top of the other items in the trashcan, and that Hayes was the only program participant who had been in the bathroom before the search of the bathroom trashcan. *Id*. Officer Franke testified that he "smelled marijuana" and corroborated Officer Cordes' account. *Id*. at 19, 23-24. Hayes was discharged from the work-release program following the contraband incident and other misconduct, and he was placed in the Bartholomew County Jail.

Hayes admitted that he went to the bathroom without permission and that he shook out his pockets as he left the bathroom. *Id*. at 34-35. However, he denied possessing contraband. At the close of the evidence, the trial court found Hayes to be in violation of the conditions of his probation. The judge criticized Hayes for his continued non-compliance and revoked his probation. He was sentenced to serve two consecutive one-and-a-half-year terms in the Department of Correction with no time suspended for Cause Nos. FD-871 and FD-794. Appellant's App. p. 23, 25. Hayes was credited with 528 credit days for 264 actual jail days served: December 2, 2011, through March 17, 2012, and June 10, 2012, through November 13, 2012. *Id*. These credit days were applied to Cause No. FD-794. *Id*.

Hayes now appeals, and the State cross-appeals.

## Discussion and Decision

Hayes raises two issues on appeal. First, he contends that the trial court erred in not providing a written statement as to the evidence relied on and the reasons for revoking his probation. Second, he contends that the court abused its discretion when it failed to give him credit for time he served in community corrections in the Bartholomew County Residential program. The State cross-appeals and argues that trial court awarded Hayes too much credit time.

## I. Written Statement of Revocation

Hayes first contends that his due-process rights were violated because the trial court failed to reduce its findings to writing. Specifically, Hayes argues that there was not a "written specific finding of fact as to what evidence the court relied upon, or the reasoning behind its Order." Appellant's Br. p. 7.

A probation hearing is civil in nature, and the State need only prove the alleged violations by a preponderance of the evidence. *Cox v. State*, 706 N.E.2d 547, 551 (Ind. 1999), *reh'g denied*. We will consider all the evidence most favorable to the judgment without reweighing the evidence or judging the credibility of witnesses. *Id.* If there is substantial evidence of probative value to support the trial court's conclusion that a defendant has violated any terms of probation, we will affirm its decision to revoke probation. *Id.*

Due process requires a written statement by the fact finder regarding the evidence relied upon and the reasons for revoking probation. *Crump v. State*, 740 N.E.2d 564, 568 (Ind. Ct. App. 2000), *trans. denied*. This requirement may be satisfied by placement of

the transcript of the evidentiary hearing in the record if the transcript contains a clear statement of the trial court's reasons for revoking probation. *Id.* at 568-69. Here, the transcript of the revocation hearing has been placed in the record and clearly states that the trial court revoked Hayes' probation on the basis of Gaskill's testimony. Gaskill testified that due to Hayes' numerous misconduct incidents, including the contraband incident, Hayes was discharged from work release. Gaskill also testified that Officer Cordes witnessed Hayes throw something into the trash, and a subsequent search revealed contraband. Moreover, Gaskill testified that Hayes was the "only participant that had been in that area." Tr. p. 9. The trial court found "by [a] preponderance of the evidence that the defendant [was] in violation of his condition of Probation, by having contraband on his person, while on the work release program." *Id.* at 36. The trial court then asked the State if they had any more evidence to offer, and they responded, "Nothing further, other than what Mr. Gaskill has already testified." *Id.* at 38.

Although not the preferred way of fulfilling the writing requirement, we find that the trial court adequately made Hayes aware that the witness testimony presented established by a preponderance of the evidence that Hayes had contraband on his person and violated his probation. Consequently, we find that the trial court did not err in revoking Hayes' probation.

## II. Credit for Time Served and Good Time Credit

Hayes next contends that the trial court erred by giving him only 528 credit days for 264 actual days served. Appellant's Br. p. 11. He argues that he is entitled to 101 more actual days that he served from March 18, 2012, to June 9, 2012, "either on Work

Release, and/or Home Detention, and/or Electronic monitoring."[1] *Id.* The State cross-appeals and argues that Hayes was given too much credit time. Nevertheless, the State concedes that the trial court erred by not giving Hayes credit for time served on work release for a short period of time: May 23, 2012, to June 9, 2012.[2]

In support, both parties cite Indiana Code section 35-38-2.6-6(a), which addresses credit for time served when work release is imposed as a direct placement. Subsection (a) of the statute provides that "[a] person who is placed in a community corrections program under this chapter is entitled to earn credit time."[3] Ind. Code § 35-38-2.6-6(a).

Indiana law prohibits an award of "double credit" when a defendant is serving sentences for multiple consecutive offenses. *French v. State*, 754 N.E.2d 9, 17 (Ind. Ct. App. 2001). The State argues that Hayes received "double credit" and therefore was awarded too much credit time. Here, Hayes was serving consecutive probationary terms in Cause Nos. FD-396, FD-794, and FD-871. In March 2012, the trial court credited Hayes 277 days for time served to apply to Cause No. 396, which included the dates December 2, 2011, to February 24, 2012. However, in November 2012, the trial court

---

[1] Hayes argues that he should receive credit from March 18, 2012, to June 9, 2012 (83 days) as a "direct placement with Community Corrections" and credit from May 23, 2012, to June 10, 2012 (18 days) as a work-release participant. However, we note that the dates May 23, 2012, to June 9, 2012, overlap in his calculations and June 10, 2012, has already been credited to him by the trial court. Therefore, we will only consider March 18, 2012, to June 9, 2012, for the sum of 83 days.

[2] Both parties concede that Hayes was a work-release participant as a direct placement and is entitled to credit time under Indiana Code chapter 35-38-2.6; therefore, we will proceed under the same chapter. *See* Appellant's Br. p. 10; Appellee's Br. p. 8-9.

[3] We note that the Indiana Code uses the language "credit time" as opposed to "good time credit" to refer to the statutory reward an offender receives for certain behavior or achievements. *See Campbell v. State*, 714 N.E.2d 678 (Ind. 1999). In *Purcell v. State*, our Supreme Court used the phrase "good time credit" to describe "the additional credit a prisoner receives for good behavior and educational attainment," and the phrase "credit for time served" to refer to "the credit toward the sentence a prisoner receives for time actually served." 721 N.E.2d 220, 222 (Ind. 1999). We will use the same language here.

credited Hayes 264 days for time served to apply to Cause No. 794, which also included the dates December 2, 2011, to February 24, 2012. Thus, the trial court cannot "double credit" to FD-794 the days it already credited to FD-396. *Id.* Hayes was incorrectly given 84 credit days for time served from December 2, 2011, to February 24, 2012.

But this does not end the matter. Hayes argues that he should receive credit for March 14, 2012, to May 22, 2012, because he was either on home detention and/or electronic monitoring following the March 14, 2012, revocation-of-probation hearing. He admits that the record does not establish whether he was on home detention or another type of supervision. We agree that the record is unclear, and the State does not provide any argument on this issue. The trial court ordered Hayes "to report immediately upon release from Jennings County to community corrections" for Cause Nos. FD-871 and FD-794. Appellant's App. p. 31-32. There are no dates specified as to when Hayes would be reporting to community corrections. Accordingly, on remand, the trial court is instructed to calculate the actual time Hayes served, if at all, from March 14, 2012, to May 22, 2012, and give him credit for time served and any good time credit. Hayes is also entitled to credit for time served from May 23, 2012, to June 9, 2012, and good time credit.

Affirmed in part, reversed in part, and remanded with instructions.

KIRSCH, J., and PYLE, J., concur.