**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**CHRIS P. FRAZIER**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RICKY ALLEN COX, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 48A02-1308-CR-717 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Angela Warner-Sims, Judge
Cause No. 48C01-1111-FD-2030

**May 7, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Ricky Allen Cox appeals his sentence for theft as a class D felony. Cox raises two issues, which we revise and restate as:

I. Whether his sentence is inappropriate in light of the nature of the offense and his character; and

II. Whether he is entitled to additional credit time.

We affirm and remand.

FACTS AND PROCEDURAL HISTORY

On or about November 2, 2011, in Madison County, Indiana, Cox stole scrap metal and various metal items from Eddie Wyant and was arrested on November 2, 2011. On November 3, 2011, the State charged Cox in Madison County with theft as a class B felony and later amended the information with the court's approval to allege that he was an habitual offender. Cox was released on his own recognizance by the Madison County Circuit Court on November 14, 2011. Also on that date, Cox was arrested in another cause in Hamilton County, Indiana, cause number 29D01-1111-FC-016015 ("Cause No. 15"), and he was sentenced in that case on March 1, 2012, to four years at the Department of Correction (the "DOC") with 222 days credit time. On February 13, 2013, the court held a dispositional hearing in this cause at which Cox pled guilty to theft as a class D felony and the State agreed not to pursue the habitual offender count.[1]

At his sentencing hearing on March 5, 2013, when asked if he was currently at the DOC on a burglary conviction from Hamilton County, Cox responded affirmatively. The State questioned him about his criminal history, and Cox stated that he "got high on drugs

---

[1] Cox's defense counsel told the trial court that "the agreement with the State is that [Cox] will plead open and they will not file a habitual offender count." Transcript at 4.

2

and just went on a crime spree to support my drug habit is all I did." Transcript at 19. He testified that he "was going out and stealing, just going to people's abandoned houses and s---, and . . . stealing and scrapping it out and going and buying drugs" and that the drugs included "Oxycontin, Deltas, Morphine, [and] any opiates." Id. at 19-20. When asked if he received any sort of treatment at the DOC, Cox stated "I'm in substance abuse." Id. at 20. The court accepted his guilty plea, found his guilty plea to be a mitigating circumstance and his criminal history to be an aggravating circumstance, and found that the aggravating circumstance outweighed the mitigating circumstance. The court sentenced Cox to thirty-six months to be served at the DOC and ordered the sentence to be served consecutive to the sentence Cox was serving under Cause No. 15. The court stated that Cox would receive zero days of pretrial credit in this case, to which he responded "I don't get no time . . . towards this case at all," and the court replied: "The court's understanding from the presentence investigation report is that you received all the credit time in the Hamilton County case [Cause No. 15]. You received [222] days of credit at the time you were sentenced on March the 1st of 2012, and you've been serving that sentence ever since." Id. at 27-28.

DISCUSSION

I.

The first issue is whether Cox's sentence is inappropriate in light of the nature of the offense and the character of the offender.[2] Ind. Appellate Rule 7(B) provides that we

---

[2] Cox also cites Article 1, Section 18 of the Indiana Constitution and argues that "[i]n this case, it seems the objective of reformation for Cox may have been abandoned by the trial court." Appellant's Brief at 9. To the extent Cox suggests his sentence violates Article 1, Section 18 of the Indiana Constitution, which provides that "[t]he penal code shall be founded on the principles of reformation, and

3

"may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006).

In support of his position that his sentence is inappropriate, Cox argues that, while his substance abuse is not a mitigating circumstance, it does appear that his criminal history is consistent with his statement at sentencing that he committed crimes purely to support his addiction and that all of his prior offenses are non-violent related to the theft of property. The State maintains that Cox's sentence is not inappropriate, that the fact the crime was committed under the influence of narcotics and to obtain money for the purchase of more illegal drugs makes the nature of the offense more egregious than the run-of-the-mill theft, and that Cox's criminal history is significant and includes multiple felony and misdemeanor convictions for burglary, forgery, theft, and check deception over a lengthy period of time. The State also argues that, despite his multiple convictions and his claimed substance abuse problem, Cox has failed to reform his criminal behavior or seek addiction treatment.

Our review of the nature of the offense reveals that, in November 2011 in Madison County, Cox knowingly or intentionally exerted unauthorized control over scrap metal and various metal items of another person with the intent to deprive the person of the

---

not of vindictive justice," we note that the Indiana Supreme Court has held that "particularized, individual applications are not reviewable under Article 1, Section 18 because Section 18 applies to the penal code as a whole and does not protect fact-specific challenges." Ratliff v. Cohn, 693 N.E.2d 530, 542 (Ind. 1998), reh'g denied.

property's value or use. After questioning Cox about his criminal history, the State asked him "[a]nd then, you got this theft in here," and Cox replied: "Yes, sir. I got high on drugs and just went on a crime spree to support my drug habit is all I did." Transcript at 19. Cox also testified that he "was going out and stealing, just going to people's abandoned houses and s---, and . . . stealing and scrapping it out and going and buying drugs," including "Oxycontin, Deltas, Morphine, [and] any opiates." Id. at 19-20.

Our review of the character of the offender reveals that Cox pled guilty to theft as a class D felony and the State agreed not to pursue the habitual offender count. The presentence investigation report (the "PSI") provides that Cox's criminal history includes a juvenile adjudication for criminal mischief, and convictions as an adult for conversion as a class A misdemeanor in 1998, forgery as a class C felony and check deception as a class A misdemeanor in 1999, forgery as a class C felony in 2001, theft as a misdemeanor in 2004, burglary as a class C felony in Marion County in 2005, and burglary as a class C felony in Hamilton County in 2011 under Cause No. 15, for which he was sentenced on March 1, 2012 to four years at the DOC with 222 days credit time. The PSI shows that Cox was found to have violated the terms of his previous placements on probation on at least three occasions. The PSI further shows that Cox was charged in Tippecanoe County, Indiana, with multiple counts of forgery, fraud, and theft, all as felonies, in January 2012.

The PSI states that Cox has never successfully completed a probation term. According to the PSI, when he was asked about any relatives or close friends currently serving time in the DOC, Cox responded "almost all of my family," and he has received

write-ups while incarcerated in 2011 for bringing a cell phone into the jail and for his involvement in a fight. PSI at 6. With respect to substance abuse, Cox reported that he has abused opiates, marijuana, and cocaine in the past, he was under the influence of Oxycontin during the commission of the instant offense, he began using opiates when he was nineteen years old, he fell off of a roof when working and was prescribed Oxycontin for pain, he became addicted to opiates as a result, his use escalated to using heroin, methadone and other opiates on a daily basis, and that he also used cocaine in his early twenties and became "strung out" on the drug for one month at that time but has not used the drug since. Id. at 8. He reported that he attended the Indianapolis Treatment Center to receive methadone treatment for six years prior to his last term of incarceration, and that he committed the instant offense in an effort to purchase opiates, as well as to pay bills for household needs such as food and clothing. According to the results of the Indiana Risk Assessment Tool, the PSI provides that Cox's overall risk assessment score places him in the very high risk to reoffend category. The PSI also states that, when he was asked about his attitude about the criminal justice system, Cox replied that it "sucks," and when asked to elaborate, he stated "[e]verybody makes mistakes, does wrong and commits crimes. Everybody doesn't get caught." Id. at 9. According to the PSI, the Probation Department recommended that Cox be sentenced to the DOC for a period of thirty-six months fully executed to be served consecutive to the sentence imposed in Hamilton County under Cause No. 15.

6

After due consideration of the trial court's decision, we cannot say that Cox has met his burden of showing that the sentence imposed by the trial court is inappropriate in light of the nature of the offense and the character of the offender.

II.

The next issue is whether Cox is entitled to additional credit time. He contends that the chronological case summary ("CCS") shows that he was released from custody in Madison County on November 14, 2011, and that on that same date he was taken into custody in Hamilton County under Cause No. 15. He states that "[b]ecause [he] had already received credit for the time he was detained in Hamilton County, the trial court in Madison County declined to award [him] any credit for pre-trial detention time." Appellant's Brief at 10. Cox argues that the trial court erred in failing to give him credit for the days between November 2, 2011, and November 14, 2011, as those days were not included in the 222 days of credit time in Hamilton County. He argues he was "in custody in Hamilton County for the 108 days between November 14, 2011, and March 1, 2012; [and] he received 222 days total credit at the time of his sentencing" under Cause No. 15. Id. In a footnote, he states that "[t]he additional three days of credit Cox received in Hamilton County are unaccounted for in the records available in this case," and that, under Ind. Code § 35-50-6-3, he "is still entitled to 12 days credit time plus good time credit for the period of time he was held in Madison County between November 2 and November 14, 2011." Id. at 10 n.11. He requests this court to remand this matter to the trial court for correction of the erroneous sentencing order.

The State claims that the court "properly awarded no credit for the twelve days because the credit for time served awarded in the Hamilton County case presumably included the twelve days [Cox] spent in the Madison County jail prior to being transferred to Hamilton County." Appellee's Brief at 10. The State also notes that, if this court were to determine the trial court improperly determined Cox's jail time credit, the proper remedy is to remand to the trial court for a hearing to determine the proper amount of jail time credit and good time credit due.[3]

As the parties observe, pursuant to Ind. Code § 35-50-6-3(a), a person earns one day of credit time for each day the person is imprisoned for a crime or confined awaiting trial or sentencing. When a defendant is incarcerated on multiple offenses and is ordered to serve his sentences consecutively, he is not entitled to double credit. French v. State, 754 N.E.2d 9, 17 (Ind. Ct. App. 2001). The prohibition against an award of "double credit" applies when a defendant has arguably been incarcerated at the same time on more than one offense if the sentences for the multiple offenses are to be served consecutively. Id. Credit is calculated from the date of arrest to the date of sentencing for that same offense. Id.

The parties do not disagree that Cox was incarcerated from November 2, 2011 until he was released on his own recognizance by the Madison County Circuit Court under this cause on November 14, 2011, a period of twelve days. The PSI shows that Cox was arrested under Cause No. 15 on November 14, 2011, and that he was sentenced

---

[3] The State also asserts that Cox has waived his challenge to his request for jail time credit because he failed to provide an adequate record for review. While the record does not include the trial court's March 1, 2012 sentencing order or calculation of credit time under Cause No. 15, the PSI provides the credit time awarded under Cause No. 15, and there is sufficient evidence in the record to review Cox's claim.

8

on March 1, 2012, which was 108 days later, at which time the court awarded him "222 days credit time." PSI at 5. Based on the period of time of 108 days Cox was incarcerated between the date of his arrest and the date of sentencing under Cause No. 15, he was entitled to 216 days of credit for time served and good time credit under Ind. Code § 35-50-6-3.[4] The narrative section of the PSI related to Cause No. 15 does not indicate the reason Cox was awarded an additional six days of credit for a total of 222 days. Nevertheless, if Cox had been awarded credit for time served and good time credit for the twelve days he was incarcerated in this cause between November 2, 2011, and November 14, 2011, then he would have received twenty-four days of such credit in connection with that period of incarceration. This credit time of twenty-four days, when added to the 216 days he was entitled to receive in connection with the 108-day period of incarceration under Cause No. 15 as discussed above, would exceed the 222 days of credit awarded, and thus the State's comment in its brief that the 222 days of credit under Cause No. 15 "presumably included the twelve days" under this cause cannot be correct. Appellee's Brief at 10. Cox is entitled to credit for time served and good time credit for all the time he served while awaiting trial or sentencing. If the credit time awarded under Cause No. 15 did not include a proper credit for time served and good time credit with respect to the period from November 2, 2011, to November 14, 2011, then he is entitled to such credit time under this cause. If this credit is applied to Cox's sentence under this cause or to his sentence under Cause No. 15, and is not applied to his sentences under both causes, then

---

[4] "Good time credit" is "the additional credit a prisoner receives for good behavior and educational attainment," and "credit for time served" refers to "the credit toward the sentence a prisoner receives for time actually served." Purcell v. State, 721 N.E.2d 220, 222 (Ind. 1999), reh'g denied. Ind. Code §§ 35-50-6 sets forth the procedures for earning good time credit. Id. at 223.

he will not receive a double credit. We remand to the trial court to determine the proper credit time to which Cox is entitled. See French, 754 N.E.2d 9, 17 (Ind. Ct. App. 2001) (holding that "if he has not been awarded credit for any other sentence which would be served consecutive to the sentence before us, French is entitled to credit for the fifteen days claimed" and remanding the cause).

## CONCLUSION

For the foregoing reasons, we hold that Cox has not met his burden of showing that his sentence is inappropriate in light of the nature of the offense and his character, and we remand for a determination of the credit time to which he is entitled.

Affirmed and remanded.

VAIDIK, C.J., and NAJAM, J., concur.